## Beller License

*W. Hamlin Neely*, for appellant.

*E. Drummond King*, for Commonwealth.

SCHEIRER, J., March 18, 1969.—In this license suspension appeal, the facts have been stipulated by counsel.

On May 5, 1968, petitioner, being 17 years of age and the holder of a regular operator's license, was apprehended for operating a motor vehicle at a speed of 85 miles per hour in a 40-mile-per-hour speed zone. To this charge, a plea of guilty was entered. The Secretary of Revenue imposed an eight-month suspension of petitioner's driving privileges, citing as authority therefor section 604.1(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended September 16, 1961, P. L. 1367, 75 PS §604.1.

Section 604.1 provides for junior operator's licenses for those minors who have arrived at the age of 16 years but who have not reached the age of 18 years. Section 604.1(a) provides, in part:

"In addition to the other provisions of this act relating to the suspension or revocation of operating

privileges, in the event that a licensed junior operator is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' or violates subsection (c) hereof, the secretary may, after a hearing, suspend the operating privileges of such junior operator until he has reached the age of eighteen (18) years, or for any other period of time."

Since petitioner was the holder of a regular operator's license (permitted under 604.1(b) ), and not a junior operator's license, the suspension should have been made under section 604.1(d) which reads:

"(d) In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that a regular operator under the age of eighteen (18) is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' the secretary may, after a hearing, suspend the operating privileges of such operator or issue him a junior operator's license in lieu of or in addition to said suspension."

If we assume the suspension under section 604.1(a) was a clerical or administrative error and treat it as a proper suspension under 604.1(d), we must meet the contention of the Commonwealth that petitioner was not entitled to an appeal and a hearing de novo as normally allowed under section 620. Counsel states in his brief:

"On an appeal from a suspension under 75 PS 618, the Commonwealth concedes that it may be required to establish that the Appellant is guilty of a particular offense. However, the Commonwealth contends that under 604.1 it need only establish a conviction or the entry of a plea of guilty to a particular offense."

Appeals by holders of junior operator's licenses have been allowed with hearings de novo: Sessa Automobile License Case, 13 Bucks 395; Buck Auto License Case, 17 Bucks 301; Blair License, 44 D. & C. 2d 26; Gorrin License, 31 D. & C. 2d 565. We can see no possible reason why a 17-year-old regular operator would not have the same right.

Petitioner's counsel makes the point that a review of the secretary's use of discretion is a matter of right. He cites Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464, which limited appeals from the mandatory assessment of points and related suspensions under section 619.1 to a consideration of only two questions: was the operator convicted of a violation listed in section 619.1, and were the points properly assigned. The action of the secretary was not reviewable in a hearing de novo because he acted according to the mandate of the legislature. The holding of Virnelson does not apply where the secretary's discretion is involved.

Both in section 604.1(a) and in section 604.1(d), the language is, "the secretary may, after a hearing, suspend the operating privileges . . ." It thus follows that an appeal from a suspension lies in the case of either a junior or regular operator under 18 years of age.

Petitioner, being entitled to a hearing de novo, asks our consideration of a defective certificate of speedometer accuracy introduced into evidence by the Commonwealth. The requirement of section 1002(d)(1) of The Vehicle Code, supra, is ". . . , the rate of speed may be timed, for a distance of not less than one-quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accu-

racy, if necessary, the date thereof, and the degree of accuracy of such speedometer, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section."

The speedometer had last been tested on April 4, 1968. Petitioner was arrested on May 5, 1968, a Sunday. The thirtieth day fell on May 4th, a Saturday. The Commonwealth does not here raise the question, but in Spangler License, 37 D. & C. 2d 588, the court considered the situation where the last day of the 30-day period fell on a Saturday and the offense occurred on Sunday. The court rejected the contention of the Commonwealth that Saturday should be excluded in the calculation and held, "The legislature has provided that 30 days is the limit of time during which the trustworthiness of the delicate machinery of a speedometer can be presumed; thereafter, it cannot." It was determined that the certificate was inadmissible and, since there was no competent evidence to support the violation, the appeal from the suspension was sustained. We must rule likewise.

Because of our disposition of the within matter, we need not rule on petitioner's argument that he was subject to the point system and could only be suspended for 60 days. However, in Commonwealth v. Toth, January term, 1969, no. 296, we followed the reasoning of President Judge Atkins in Commonwealth v. Senft, 82 York 43, in considering the appeal of a junior operator. He there wrote:

"Since Section 619.1 of the Vehicle Code did not purport to amend Section 604.1, they must be read together and viewed as one law. It is clear from the language of both amendatory sections that it was not the intent of the legislature to restrict the authority of the

Secretary regarding suspensions or revocations, but to enlarge it as is shown by the statement contained in each of these amending sections, that the powers then conferred are to be in addition to the existing powers of the Secretary. We find nothing in Section 619.1 that restricts or limits Section 604.1, nor do we perceive any difficulty in reading them together. The record shows that the appellant pleaded guilty to a violation of the speed restrictions imposed by Section 1002 of the Vehicle Code. Thereafter under Section 604.1 the Secretary had the power to suspend his operating privileges for any time.

"The appellant contends that just because he was a junior operator he received much harsher treatment than he would have under the point system had he been over 18 years of age. This is true. However the difference of treatment as provided in the legislative enactment is a matter for the legislature and not the court unless it appears that the unequal treatment amounts to a denial of equal protection of the law."

We must observe that in section 604.1(a), the secretary may suspend the operating privilege of a junior operator "until he has reached the age of 18 years, *or for any other period of time*." In paragraph (d) of the same section, applying to a regular operator under 18 years of age, it is provided that the secretary may "suspend the operating privileges of such operator or issue him a junior operator's license in lieu of or in addition to said suspension." The significant words "or for any other period of time" in (a) are missing. The effect of this omission is uncertain, but in Senft it was held that the right of suspension in section 604.1 is in addition to the other provisions of the act relating to the suspension or revocation of operating privileges.

We reject the theory that petitioner as a regular operator under 18 years of age was subject to the provi-

sions of section 619.1. He is clearly subject to section 604.1(d).

Since the Commonwealth has not met its burden of proof as to petitioner's violation of The Vehicle Code, the appeal will be sustained. We regret the necessity of eliminating any period of suspension for this petitioner in view of his unquestioned criminal act of driving at the rate of 85 miles per hour in a 40-mile zone. Such disregard of the law cries out for severe disciplinary action.

## ORDER

Now, March 18, 1969, the court finds that the Secretary of Revenue abused his discretion in suspending the driving privileges of Dale R. Beller for eight months. Accordingly, the appeal is sustained and the Secretary of Revenue is ordered to reinstate the operating privileges of the said Dale R. Beller.