## Upsey, Appellant, *v.* Secretary of Revenue.

Argued September 14, 1960. Before WRIGHT, WOOD-
SIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES,
P. J., and GUNTHER, J., absent).

*Malcolm W. Berkowitz,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., November 16, 1960:

This is an appeal from an order of the court below suspending the appellant's license to operate a motor vehicle.

Elbert Upsey was arrested February 9, 1960, for operating his motor vehicle in Philadelphia while under the influence of intoxicating liquor in violation of The Vehicle Code of April 29, 1959, P. L. 58, §1037, 75 P.S. §1037.

After due notice to Upsey, the Secretary of Revenue, through a representative, held a hearing February 16, 1960, to determine whether Upsey's license should be suspended. The testimony given at this hearing by the officer who arrested Upsey and a physician who examined him established that he was under the influence of intoxicating liquor while operating his automobile on February 9th in Philadelphia. Upsey offered no testimony, and objected to the holding of the hearing while the criminal charge was pending against him, but the secretary suspended his operator's license for 6 months.

Upsey appealed to the court of common pleas where it was stipulated that the witnesses appearing at the administrative hearing, if called, would give the same testimony before the court. Certain additional facts were also stipulated. When the hearing was held before the court of common pleas on April 29, the criminal charge against the operator had not yet been heard

in the court of quarter sessions. The appellant again objected to proceeding with the hearing prior to the disposition of the criminal charge against him, but the court below sustained the secretary in imposing a suspension of six months. Upsey then appealed to this Court.

The Vehicle Code, supra, provides in section 616, 75 P.S. §616, "(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of [operating a motor vehicle or tractor while under the influence of intoxicating liquor], the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person, . . ."

Section 618 of The Vehicle Code, supra, 75 P.S. §618, provides: ". . . (b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: (1) That such person has committed any offense for the conviction of which mandatory revocation of license is provided in this act; . . ."

This section gives the Secretary of Revenue authority to suspend the operator's license of any person whom *he* finds upon sufficient evidence to have operated a motor vehicle while under the influence of intoxicating liquor. This authority exists even after the operator has been acquitted on a criminal indictment for the same offense. *Commonwealth v. Funk*, 323 Pa. 390, 186 A. 65 (1936). The appellant does not question the authority of the secretary to suspend the license of such person, but argues that the authority is limited to the cases where the defendant was acquitted in a criminal case. He contends that the legislature did not intend to have both of these penalties

(revocation under §616, supra, and suspension under §618, supra) imposed for the same offense.

Double penalties are not per se unconstitutional, or even unusual. A person found guilty of the crime of operating a motor vehicle while under the influence of intoxicating liquor must pay the costs of his prosecution, and can be sentenced to pay a fine, and to serve a prison term and can have his operator's license revoked for one year—all for a single violation. See *Commonwealth v. Funk,* supra.

We can find nothing in The Vehicle Code, supra, that would lead us to the conclusion that the legislature did not intend both §616 and §618 to apply to the same offense. The extent of intoxication and the manner of operating by those charged with this violation vary tremendously, and, therefore, the extent of culpability differs materially. The legislature may have considered the mandatory revocation of one year to be the minimum period for which the operator's privilege should be withdrawn for this offense, leaving to the secretary's discretion a further withdrawal of the operator's privilege to be applied to recidivists or to those whose conduct constitute the greater menace to highway users. If the legislature intended that the two sections should not be applied to the same offense, it could have expressed such intent. We need not speculate upon the reason the legislature provided for both suspension and revocation for the same offense. Whatever the reason may have been, the fact is that the legislature authorized the secretary to suspend the license of an operator for the same offense for which it provided for a mandatory revocation. There is nothing in the constitutions to prevent a double penalty. It is not double jeopardy under art. I, §10 of the Pennsylvania Constitution, and does not violate the due process clause of the Federal Constitution, to apply the penalties of both §616 and §618, supra, to the same violation.

*Bureau of Highway Safety v. Wright,* 355 Pa. 307, 49
A. 2d 783 (1946) ; *Commonwealth ex rel. Foster v.
Ashe,* 336 Pa. 238, 8 A. 2d 542 (1939) ; 22 C.J.S., Criminal Law, §§239, 240.

The appellant further contends that the suspension
of his license on the ground of operating a motor vehicle under the influence of intoxicating liquor based
upon an administrative hearing prior to the trial of
a criminal charge for the same offense is in violation
of Article I, Section 9 of the Pennsylvania Constitution and the equal protection and due process clauses
of the Federal Constitution.

The Pennsylvania Constitution provides in Article
I, Section 9 that "in all criminal prosecutions the accused . . . cannot be compelled to give evidence against
himself . . ." The courts have been liberal to accused
persons in applying the principle against self-incrimination, but we can find no case which goes as far as
the contention of the appellant.

The appellant *had the right* to testify at the administrative hearing and at the court hearing on the question of the suspension of his license, but he *was not
compelled* to testify. Without testifying himself, he
could have defended by cross-examining the Commonwealth's witnesses and by offering any relevant evidence he may have had. His license was revoked because the evidence at the hearing established that he
was operating a motor vehicle while under the influence of intoxicating liquor, and not because he exercised his constitutional privilege against self-incrimination. Thus, the principle established by our Supreme Court in *Ault Unemployment Compensation
Case,* 398 Pa. 250, 157 A. 2d 375 (1960) has no application here.

The appellant contends that no administrative hearing may be held against a person on a matter involving
alleged criminal conduct until after the disposition of

any criminal case against him growing out of the same matter. If this were true, those constituting the highway's greatest menace might operate with immunity for years while criminal charges against them were being contested. Presumably, not only would the secretary be helpless to remove dangerous operators from the highway, but those injured by such drivers would be denied the right to be heard in civil litigation on the question of damages until after the disposition of any criminal actions against the defendants. The rights of the users of the highways and those injured by reckless and negligent operators must not be denied by too elastic an interpretation of the rights of the accused.

The appellant's related argument, that he was denied due process, takes the following steps: A person not given a hearing on the suspension of a license is denied due process; to be given a hearing the person must be given an opportunity to be heard; exercising my constitutional right, I refused to testify; therefore, I was not given an opportunity to be heard and was denied due process. See *State v. Bowen,* 199 N.E. 355, 364, 130 Ohio St. 347 (1936).

No cases were cited which support this incongruous argument. The Commonwealth called our attention to *Silver v. McCamey,* 221 F. 2d 873 (1955), the only case in which we can find an argument approaching this. There the U. S. Court of Appeals held that the District of Columbia authorities could not revoke a taxicab operator's license of one accused of rape while the criminal charge was pending. No cases were cited there by the majority to support its holding, and no effort was made to justify the conclusion except to suggest that if the accused were to testify at the hearing, it might disclose to the government his evidence in the criminal case which might prejudice his defense. As we view it, the reasoning of this case is not sound;

it is completely answered by the dissent of Judge DANAHER; and it is contrary to the holding of *Ex parte Wall,* 107 U. S. 265, 287, 288 (1882) and numerous cases cited therein. Furthermore, the opinion relates to a *revocation,* and suggests that a *suspension* of the license by the agency would be valid.

The appellant's constitutional rights were not denied by holding the administrative hearing and suspending his operator's license prior to the disposition of the criminal charges against him.

Although the appellant's final contention gives us greater concern than the others, we are of the opinion that it, too, is without merit. The appellant argues that by administrative action, suspensions under the circumstances of his case are limited to operators arrested in Philadelphia and the licenses of those charged with similar violations in other parts of the Commonwealth are never suspended.[1] This, he contends, denies him his constitutional right of equal protection of the law.

---

[1] The following stipulation appears in the record: "Philadelphia is the only County of the sixty-seven counties comprised in the Commonwealth of Pennsylvania in which hearings are held by a representative of the Secretary of Revenue prior to trial of the criminal charge on the same issue of 'operating an automobile under the influence of intoxicating liquor,' for the following reasons. Certain procedures are followed in suspension of licenses. The procedures involved are as follows: 'Forty-seven counties including Philadelphia County, have hearing examiners assigned by the Secretary of Revenue, all of whom are instructed to hold suspension hearings upon the Secretary of Revenue being advised that a motorist resident in said county has been arrested on a charge of "operating an automobile under the influence of intoxicating liquor." Philadelphia County is the only county where such advice is given by enforcement authorities to the Secretary of Revenue who orders a hearing by said hearing examiners when a motorist is arrested on said charge'."

The 14th Amendment to the Constitution of the United States provides that, "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." This prohibition may be violated not only by a state legislature, but also by state administrative action. 7 P.L.E., Constitutional Law, §202, 16A C.J.S., Constitutional Law, §505, 12 Am. Jur., Constitutional Law, §473; *Iowa-Des Moines Nat. Bank v. Bennett,* 284 U. S. 239, 52 S. Ct. 133 (1931). Equal protection of the laws is secured if the laws operate on all alike and do not subject the individual to an arbitrary exercise of the powers of government. *Christy Case,* 362 Pa. 347, 351, 67 A. 2d 85 (1949). Discrimination as to localities is not necessarily a violation of the 14th Amendment. 7 P.L.E., Constitutional Law, §203; 16A C.J.S., Constitutional Law, §506; 11 Am. Jur., Constitutional Law, §258; *Christy Case,* supra; *Salsburg v. Maryland,* 346 U. S. 545, 552, 74 S. Ct. 280, 284 (1954).

It appears from the stipulation that *all* the hearing examiners representing the Secretary of Revenue throughout the Commonwealth are instructed to hold suspension hearings upon "being advised" that a motorist has been arrested on a charge of operating a motor vehicle while under the influence of intoxicating liquor. Apparently, with the exception of operators arrested in Philadelphia, the hearing examiners are never "advised" of any arrests made elsewhere. Inasmuch as these arrests are a matter of public record, and in the rural communities a large percentage of them are made by the Pennsylvania State Police, members of a coordinate administrative department with that of the Secretary of Revenue, it would seem that those charged with suspending operator's licenses have an ostrich-like approach to all arrests made outside Philadelphia.

The Vehicle Code, supra, and all of its provisions relating to the question before us are applicable throughout the Commonwealth, and it is intended that its provision should be applied equally throughout the state.

The action of the Secretary of Revenue, as well as the statute itself, are presumed to be constitutional and a heavy burden rests upon the appellant to establish that they are not. *Sharpless v. Mayor of Philadelphia*, 21 Pa. 147, 164 (1853) ; *Loomis v. Phila. School District Board of Education*, 376 Pa. 428, 431, 103 A. 2d 769 (1954) ; *Bilbar Construction Co. v. Easttown Twp. Board of Adjustment*, 393 Pa. 62, 70, 71, 141 A. A. 2d 851 (1958) ; *Lutz v. Armour*, 395 Pa. 576, 578, 579, 151 A. 2d 108 (1959) ; *Salsburg v. Maryland*, supra, 346 U. S. 545, 553, 74 S. Ct. 280, 284 (1954).

The action against the appellant was the same as all others arrested for a similar charge in Philadelphia. The administrative action operates on all alike within that city. The representatives of the Secretary of Revenue throughout the state are directed to take similar action against all similar offenders whose cases are called to their attention. The mere fact that not all operators arrested elsewhere in the Commonwealth have had similar action taken against them does not make the action taken against the appellant unconstitutional. *State v. Sage Stores Co.*, 141 P. 2d 655, 662, 157 Kan. 404 (1943), aff. 323 U.S. 32, 65 S. Ct. 9 (1944) ; *Thompson v. Spear*, 91 F. 2d 430, 434 (1937) cert. denied 302 U. S. 762; *Ft. Smith Light Co. v. Paving Dist.*, 274 U. S. 387, 391, 47 S. Ct. 595 (1927).

Under the circumstances of this particular case, we are of the opinion that the appellant has not met the burden of establishing that the action of the Secretary of Revenue and the court below denied him his constitutional right of equal protection of the law.

Order affirmed.