## Commonwealth v. Casanave

*Elmer T. Bolla*, Deputy Attorney General, and *David Stahl*, Attorney General, for Commonwealth.

*David E. Thomas*, and *Raspin, Espenshade, Heins, Erskine & Stewart*, for appellant.

GROSHENS, J., September 11, 1961.—This is an appeal from the order of the Secretary of Revenue suspending appellant's license to operate a motor vehicle.

Frederick Casanave was arrested on April 12, 1961, driving on the East River Drive in Philadelphia, and charged with driving while under the influence of intoxicating beverages. He appeared before a magistrate the following day and posted bail pending trial. Appellant thereafter received notice to appear for a hearing before a representative of the Pennsylvania Department of Revenue. Subsequent to the hearing, appellant received notice that his operator's license was suspended for a period of six months, commencing May 8, 1961, for operating a motor vehicle while under the influence of intoxicating liquor. This appeal followed. At the time of the hearing in court, appellant had not been tried on the criminal charge.

At the administrative hearing, appellant chose to offer no testimony. On appeal, he testified and offered one witness. The testimony of the police officers was the same at both hearings.

The police officers testified they observed appellant driving without any lights on his car at 8:45 p.m. They followed appellant for nearly a mile and then stopped him. There was an odor of alcohol on appellant's

breath, there was a slur when he spoke, and he admitted he had a few drinks. He was examined by a doctor for about 10 minutes and thereafter held for court. The doctor did not testify at either hearing. The police officers testified appellant was under the influence of intoxicating beverages.

Appellant testified that he had two martinis at dinner, not an unusual quantity, and then after dinner drove toward home when he was arrested. He stated that he has never been affected by drinking two martinis at dinner. Dinner was one and three-quarter hours prior to his arrest. On this day, appellant testified, he had a very bad cold for which he was taking pills prescribed by a doctor, the last pill taken at approximately 6 p.m., one hour prior to dinner. The doctor of appellant testified that he prescribed these capsules for appellant in October 1960, and that appellant customarily has them on hand for respiratory infections. In his opinion, these capsules "could tend to potentiate the effect of alcohol." On cross-examination, the doctor testified that he customarily warned patients about this possible ill effect of the combination of alcohol and the capsule prescribed for them. He could not remember whether or not he warned appellant.

The Secretary of Revenue may suspend the operator's license when he finds, upon sufficient evidence, that the operator was driving a motor vehicle while under the influence of intoxicating liquor: The Vehicle Code of April 29, 1959, P. L. 58, sec. 618, 75 PS §618. There is sufficient evidence here to conclude that appellant was under the influence of intoxicating liquor while driving his car. The testimony of the physician was not necessary, and the testimony of the police officers alone sufficient evidence: Commonwealth v. Smith, 174 Pa. Superior Ct. 533 (1954).

The fact that the pills taken by appellant may have heightened the effect of the alcohol does not alter our

decision. It is the influence of the alcohol whether heightened by foreign substances or not, that brings appellant into conflict with the law and permits the suspension of his license. While the effect of the medicine may be a mitigating factor, we cannot say that the secretary abused his discretion in suspending appellant's operating privileges.

The law is well settled that the Secretary of Revenue may suspend an operator's license in a case such as this where the operator has not yet been brought to trial on the criminal charge: Upsey v. Secretary of Revenue, 193 Pa. Superior Ct. 466 (1960).

For these reasons, the court entered its order of June 22, 1961, dismissing the appeal and affirming the order of the Secretary of Revenue.

### Order

And now, June 22, 1961, after hearing, it is ordered and decreed that the petition for appeal from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania is dismissed, and the order of the Secretary of Revenue is affirmed.