Royer Motor Vehicle Operator License Case.

Submitted June 12, 1968.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., September 12, 1968:

We are here concerned with an appeal by the Commonwealth from an order of the Court of Common Pleas of Clearfield County reversing the action of the Secretary of Revenue in imposing a six-month suspension of the operator's license of Jerry M. Royer. It will be necessary to briefly summarize the background of the proceeding as disclosed by the record.

On February 13, 1967, Royer was apprehended by a member of the Pennsylvania State Police, and brought before a magistrate on the charge of operating a motor vehicle while under the influence of intoxicating liquor. The magistrate held Royer under bail for trial in the Court of Quarter Sessions of Clearfield County. On May 18, 1967, the Secretary of Revenue conducted a hearing at which Royer appeared and testified. On May 31, 1967, the Secretary notified Royer that his operator's license was suspended for a period of six months. On June 30, 1967, Royer petitioned the Court of Common Pleas of Clearfield County for the allowance of an appeal from the order of the Secretary of Revenue. A de novo hearing on this appeal was held on August 28, 1967, and decision was reserved. On October 20, 1967, Royer's trial in the Court of Quarter Sessions resulted in a verdict of acquittal. On March 6, 1968, an order was entered in the Court of Common Pleas sustaining Royer's appeal and directing the Secretary of Revenue to reinstate his operating privileges.

The reasoning of the court below was as follows: "Normally the Court cannot interfere with the discretion of the Secretary of Revenue. However, the instant suspension arose as the result of an occurrence by virtue of which the instant petitioner had been charged with motor violation; but upon the trial of which he was found not guilty. Therefore, the Court does not find any basis for suspension and the same would be an abuse of the discretion resting in the Secretary of Revenue. It is to be noted, however, that the suspension was declared before the trial by virtue of which the defendant was found not guilty; and, therefore, the Secretary of Revenue was not armed with this information at the time of suspension". The Commonwealth contends (1) that it was not improper for the Secretary to impose the suspension before the criminal trial, and (2) that the acquittal in the criminal proceeding was not a valid reason, standing alone, upon which the court below could reverse the suspension. We agree with both of these contentions.

The pertinent statutory provision is contained in Section 618(b)(1) of The Vehicle Code. Act of April 29, 1959, P. L. 58, 75 P.S. 618. It is therein provided as follows: "The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: (1) That such person has committed any offense for the conviction of which mandatory revocation of license is provided in this Act". Under this section the Secretary of Revenue has the authority to suspend an operator's license upon a finding that the licensee operated a motor vehicle while under the influence of intoxicating liquor: *Upsey v. Secretary of Revenue,* 193 Pa. Superior Ct. 466, 165 A. 2d 267. The secretary made such a finding in the case at bar.

The nature of the proceeding before the Secretary is civil and administrative and not criminal, even though the basis of the action may be the commission of a crime. A criminal prosecution does not bar a civil or administrative proceeding based upon the same set of facts, the reason being the different quantum of proof required. In a criminal proceeding the guilt of the accused must be established beyond a reasonable doubt. On the other hand, in a civil proceeding to revoke a license it is sufficient if the offense be established by a preponderance of the evidence: *Commonwealth v. Funk*, 323 Pa. 390, 186 A. 65. Proceedings to suspend operators' licenses are not criminal or even quasi-criminal in nature, but are civil in character: *Digangi Motor Vehicle Operator License Case*, 209 Pa. Superior Ct. 444, 229 A. 2d 9.

In *Upsey v. Secretary of Revenue*, supra, 193 Pa. Superior Ct. 466, 165 A. 2d 267, and *Casanave Motor Vehicle Operator License Case*, 197 Pa. Superior Ct. 77, 177 A. 2d 173, affirming 25 Pa. D. & C. 2d 678, the suspension of the license and subsequent lower court hearing on appeal preceded the trial on the criminal charge. In *Commonwealth v. Funk*, supra, 323 Pa. 390, 186 A. 65, the criminal trial resulted in a verdict of not guilty, and a subsequent suspension by the Secretary, rescinded by the lower court, was upheld by our Supreme Court. In the instant case the suspension and appeal to the lower court, with a full adversary hearing de novo, both occurred before the criminal trial. Prior to the decision of the court below, the licensee was acquitted of the criminal charge. However, the finding of not guilty in the criminal proceeding was not, by itself, a sufficient ground upon which to set aside the action of the Secretary of Revenue. Since discretion is vested in that official to make his determination based on a preponderance of the evidence, the

lower court was without authority to reverse the suspension on the sole basis of the verdict in the criminal case.

Section 620 of The Vehicle Code, 75 P.S. 620, governs appeals from license suspensions, and provides that the courts are "vested with jurisdiction, and it shall be their duty . . . to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension". The hearing is de novo, and it is the duty of the court to determine anew from the testimony whether the license should be suspended: *Handwork Appeal,* 348 Pa. 263, 35 A. 2d 289; *Commonwealth v. Wagner,* 364 Pa. 566, 73 A. 2d 676. Where there is conflicting testimony, as the instant record discloses, the hearing judge must make findings of fact and exercise his independent discretion concerning the suspension. In the case at bar, the hearing judge did not make a finding of fact different from that made by the secretary. If the testimony supports the findings of the hearing judge, his discretion will not be disturbed on appeal: *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370. When the proper procedure is not followed the matter should be remanded so that the court below may discharge its responsibility: *Commonwealth v. Strobel,* 375 Pa. 292, 100 A. 2d 43; same case 378 Pa. 84, 105 A. 2d 152. It should perhaps be noted that the Commonwealth's brief concludes with such a request.

Order vacated and case remanded for further proceedings in accordance with this opinion.