## Cooper License

*Bernard F. Gray*, for appellant.

*R. Barry McAndrews*, for Commonwealth.

BODLEY, J., October 15, 1968.—Appellant David J. Cooper is a resident of Levittown, Bucks County, Pa., who, following appropriate hearing before a representative of the Bureau of Highway Safety, received notice on March 8, 1968, that his operating privileges were to be suspended for a period of four months. From this suspension appellant appealed to this court, which allowed the appeal and granted a supersedeas. After hearing de novo, we make the following

### FINDINGS OF FACT

1. Appellant is a resident of Levittown, Bucks County, Pa., and is a holder of a valid operator's license issued by the Bureau of Motor Vehicles.

2. On August 2, 1967, at or about 2:20 a.m., on U. S. Route #1 in the City of Philadelphia, appellant was observed by a patrolman of the City of Philadelphia to be traveling at a high rate of speed.

3. The said patrolman "clocked" appellant for a distance of approximately one and one-half miles and

found appellant to be traveling at the rate of 80 miles per hour in a 45 mile per hour speed zone.

4. The police vehicle operated by the patrolman contained a speedometer which had been checked for accuracy on July 31, 1967, and had been found to be 98 percent accurate by a duly designated official speedometer testing station.

5. Thereafter, appellant was found guilty of a violation of section 1002(b)(8) of The Vehicle Code of April 20, 1959, P. L. 58, 75 PS §1002, speeding, and paid the required fine and costs.

6. Following departmental hearing, the Secretary of Revenue notified appellant on March 7, 1968, that his operating privileges were to be withdrawn for a period of four months.

7. At the hearing held by the magistrate in Philadelphia in connection with the speeding violation, the prosecuting officer did not appear and testify.

## DISCUSSION

Appellant alleges that the suspension in this case was illegal and constituted an abuse of discretion on the part of the Secretary of Revenue in that the prosecuting officer did not appear and testify before the magistrate in Philadelphia. Since appellant did appear and testify, he alleges that he was found guilty on his own testimony and that this constituted a denial of both procedural and substantive due process of law, thus tainting the administrative act of the secretary. There is no merit in this contention.

Appellant failed to appeal from his speeding conviction, but, due to the license suspension, he makes this collateral attack upon the proceedings which led to the conviction. He testified during the hearing before this court that although he was not going at the rate of 80 miles per hour (in the 45 mile per hour zone), he was traveling somewhere around 60 miles an hour

"give or take two miles an hour, somewhere around there". He further testified that during the magistrate's hearing, he simply told the magistrate that he was not doing 80 miles per hour, but failed to tell the magistrate that he thought he was doing 60 miles per hour. We need not, and do not, here determine whether or not appellant was properly convicted of the speeding violation since a valid conviction is not an essential condition precedent to a lawful license suspension: Upsey v. Secretary of Revenue, 193 Pa. Superior Ct. 466, 469 (1960).

The Secretary of Revenue is authorized to suspend operating privileges under section 618(b)(2) which provides as follows:

"(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

\*        \*        \*

"(2) That such person *has committed any violation of the laws of this Commonwealth relating to vehicles. . . .*" The Vehicle Code of April 29, 1959, P. L. 58, sec. 618, as amended, 75 PS §618(b)(2). (Italics supplied.)

As noted heretofore, a conviction is not essential to the effectiveness of a suspension order of the Secretary of Revenue: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968).

"Under this section [618(b)(2)] it was immaterial whether the licensee had been convicted before a magistrate or not, and the secretary could suspend even if the licensee had been acquitted before a magistrate. This was true because the proceedings before the Secretary of Revenue are civil and administrative and it is sufficient if the offense be established by a preponderance of the evidence. [Citations omitted.]" id., at pages 364, 365.

There is ample evidence in this record to establish that appellant committed the violation with which he was charged.[1]

Appellant's contention that he was denied procedural due process is hardly worthy of mention. Regardless of the propriety of the conviction against him, appellant was afforded a hearing and given due notice thereof under the administrative procedures relating to the suspension order. See Commonwealth v. Funk, 323 Pa. 390 (1936). Added to this, appellant was afforded his statutory right of a de novo hearing for the purpose of reviewing the action of the Secretary of Revenue in whose findings we concur: Commonwealth v. Cronin, 336 Pa. 469 (1939).

Appellant makes one further novel contention. Inasmuch as the certificate of accuracy states that the speedometer in the vehicle operated by the arresting officer was "found to be 98% accurate" appellant contends that a proper interpretation of this finding is that the officer's speedometer was accurate only 98 out of 100 times during use. Accordingly, appellant contends that on two occasions out of the theoretical 100, the officer's speedometer necessarily was inaccurate. Therefore, says appellant, his license should not have been suspended since he might have been one of two hapless victims of an inaccurate speedometer during the 100 occasions when it was put to use for a speed check. This contention is obviously without merit. The only plausible inference that may be allowed in such case is that the speedometer in question would measure, to within 98 percent of perfection, the actual speed or velocity of the vehicle being timed: Levow License, 32 D. & C. 2d 47.

---

[1] It is to be noted that although Virnelson stands for the proposition that the secretary's discretionary power to suspend for certain speeding violations is removed under 619.1 and 618(b)(2), as amended, the violation here was under section 1002(b)(8) which is excepted from 619.1.

Since speed alone is sufficient justification for suspension of an operator's license, Commonwealth v. Moogerman, 385 Pa. 256 (1956), and since we find no mitigating circumstances, we conclude that the suspension of appellant's operating privilege was fully justified and did not constitute an abuse of the secretary's discretion. Accordingly, we enter the following order.

ORDER

An now, this October 15, 1968, for the reasons heretofore set forth, the within appeal is hereby overruled and dismissed; the order of the Secretary of Revenue suspending the operator's license of appellant, David J. Cooper, for a period of four months is hereby reinstated and the supersedeas heretofore granted is hereby set aside.

