## Korns Motor Vehicle Operator License Case.

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anthony J. Maiorana,* Assistant Attorney General, with him *R. Joel Weiss* and *Elmer T. Bolla,* Deputy Attorneys General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Joseph N. Cascio,* with him *Fike, Cascio & Boose,* for appellee.

OPINION BY JACOBS, J., December 10, 1969:

This appeal, brought by the Commonwealth, involves the suspension of appellee's operator's license for 60 days under section 619.1(k) of The Vehicle Code, 75 P.S. §619.1(k). Appellee, a physician, was convicted of driving 76 miles per hour in a 65 mile per hour zone. For this conviction the Secretary of Revenue, hereinafter referred to as secretary, assigned six points to appellee's record as mandated by section 619.1(b) of The Vehicle Code for exceeding the speed limit by eleven miles per hour. This brought into play section 619.1(f) of The Vehicle Code which provides as follows:

"(f) When any person's record for the first time shows as many as six (6) points, the secretary *shall* require such person to undergo a special examination as provided for in section 608(g) of this act, or require such person to attend an approved driver improvement school, or require such person to attend a clinic, or any combination of the foregoing and shall so notify the person in writing. When a driver has successfully attended and passed the course at a driver improvement

school, his record *shall* be credited with one (1) point for such attendance. If any person fails to attend and satisfactorily complete the requirements of such examination, school or clinic, an additional five (5) points *shall* be assigned to his record, and his operator's license or learner's permit *shall* be suspended as provided in subsection (k) of this section." (Emphasis supplied.)

The secretary directed the appellee to attend a driver improvement school. Instead of attending, appellee appealed from the imposition of six points and the requirement that he attend driver improvement school. The court below quashed the appeal, but requested the secretary to afford appellee another opportunity to attend driver improvement school. Accordingly, the secretary directed appellee to attend the driver improvement school at Somerset Junior High School for "an eight hour course consisting of four two-2-hour classes" commencing on Monday, December 2, 1968, at 7:00 p.m. After receiving the notice from the instructor that appellee had not attended the school, the secretary assigned an additional five points to appellee's record. The secretary then suspended appellee's license for 60 days as required by section 619.1(f), above quoted, and section 619.1(k) which fixed the length of the suspension.

The appellee appealed from this suspension to the court below. At the hearing the Commonwealth presented no testimony, but entered in evidence the record of conviction for speeding, the notice to attend the driver improvement school beginning December 2, 1968, the school results as certified by the instructor, and appellee's point card. Appellee testified that he attended the first meeting but left at intermission because he was on emergency duty at the hospital and there was no available telephone at the school. He

stated that the balance of the course was then reduced to two sessions of three hours each. He testified that he arrived at the second session about one hour late and at intermission was told by the instructor that he couldn't pass the course and might as well go home. He claims that he did not appear for the third session because he was told he couldn't pass. The lower court made no findings of fact, but sustained the appeal saying in its order that it had exercised its independent discretion after considering the record and all the attending circumstances. No opinion has been filed as required by rule 46 of the rules of this Court and we have no way of knowing the judge's reasons for his order.

In *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), we held that an appeal can be taken under section 620 of The Vehicle Code, 75 P.S. §620, from a suspension imposed by the secretary under section 619.1, but that such appeal is limited in scope. Our reason for such holding was that the suspension therein involved was mandatory on the secretary and no longer discretionary. Therefore, in an appeal from a mandatory suspension imposed under section 619.1 "the lower court will merely determine whether there has been a compliance with section 619.1." 212 Pa. Superior Ct. at 368, 243 A. 2d at 469. The wisdom of such suspension cannot be considered by the lower courts on appeal.

The suspension in this case was mandated if the appellee failed "to attend and satisfactorily complete" the requirements of the school. Obviously, a number of facts had to be ascertained before the court could decide whether appellee was subject to suspension. Those facts included the requirements of the school and whether appellee attended and satisfactorily completed those requirements. Except for the notice, the require-

ments of the school do not appear in the record. The record shows a sharp conflict as to appellee's attendance; the Commonwealth's record showing that he didn't attend at all and his testimony claiming that he attended two sessions and was told not to attend the third.

In appeals from discretionary license suspensions the lower court must make findings of fact upon which it can base its conclusion. *Commonwealth v. Eisenmenger,* 365 Pa. 127, 74 A. 2d 173 (1950). This is particularly true where there is conflicting evidence. *Royer Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 17, 245 A. 2d 716 (1968). We apply the same rule in this mandatory suspension case because we cannot determine the correctness of the lower court's conclusion on compliance with section 619.1(f) without the benefit of such findings.

Order vacated and case remanded for further proceedings in accordance with this opinion.