### Honey License

*Martin D. Cohen,* for appellant.

*James R. Charron,* for Commonwealth.

FRANCIOSA, J., March 23, 1970.—We have before us the appeal of William Richard Honey from an order of the Secretary of Revenue suspending his motor vehicle operator's privileges for a period of two months. As required by law, a hearing de novo was held on March 2, 1970. We make the following findings from the evidence presented:

### FINDINGS OF FACT

1. Appellant, William Richard Honey, was born on December 12, 1952, and resides at 2800 Fischer Road, Easton, Northampton County, Pa.

2. William Richard Honey, appellant, is duly licensed to operate motor vehicles in the Commonwealth of Pennsylvania under the provisions of The Vehicle Code relating to junior operators.

3. On March 8, 1969, appellant was driving north on Sixteenth Street, a public street in the Borough of Wilson, Northampton County, Pa., when the vehicle he was operating struck a 1967 Buick sedan, which was parked on Sixteenth Street. The impact of the collision caused the parked Buick automobile to be pushed into a 1961 Dodge, which was also parked at a position immediately in front of the Buick.

4. Officers Morris and Strouse of the Wilson Borough Police Department were dispatched to the accident scene where they conducted an investigation; however, appellant was never charged by the police for any violation of The Vehicle Code.

5. The Secretary of Revenue of the Commonwealth of Pennsylvania charged appellant with a violation of

section 604.1(a) of the Act of September 16, 1961, P. L. 1367, 75 PS §604.1, for involvement in an accident for which he is partially or fully responsible.

6. A hearing was held before a representative of the Department of Revenue on December 5, 1969, and as a result thereof appellant's operating privileges were suspended for a period of two months, effective January 15, 1970. The within appeal was filed on January 8, 1970, and made a supersedeas.

## DISCUSSION

The testimony before the court reveals that appellant is the holder of a junior operator's license issued by the Department of Revenue of the Commonwealth of Pennsylvania, and that on March 8, 1969, while operating pursuant to that license, the vehicle he was operating collided with a parked automobile.

The facts explaining the happening of the accident are derived solely from the testimony of appellant. The only other eyewitness to the occurrence was a passenger riding with appellant. This passenger was not called as a witness by either side.

According to appellant's uncontradicted testimony, at approximately 9:30 p.m. on March 8, 1969, while he was driving north on Sixteenth Street in the Borough of Wilson, he was confronted by another car which was approaching him from the opposite direction. The lanes of travel for moving vehicles were narrowed by automobiles which had been parked on both sides of Sixteenth Street. Appellant stated he began to steer his vehicle slightly to his right for the purpose of giving the approaching car sufficient room to pass to his left. At this exact moment, he was distracted by sparks. These sparks came from a cigarette which the passenger in appellant's car struck against the sunvisor. When appellant returned his attention to the road, he observed he was about to hit a 1967 Buick sedan parked to his right. Appellant ap-

plied his brakes, but it was too late and he struck the left rear of the Buick. The impact of this initial collision, in turn, caused the Buick automobile to be pushed into the rear of a 1961 Dodge which was also parked on Sixteenth Street at a position immediately in front of the Buick.

Section 604.1(a) of The Vehicle Code, 75 PS §604.1(a), authorizes the Secretary of Revenue to suspend the operating privileges of a junior operator if he is involved in, "an accident for which he is partially or fully responsible in the opinion of the secretary. . . ."

We interpret the above language to require a hearing for the adducing of testimony to support an opinion by the secretary that a junior operator was involved in, "an accident for which he is partially or fully responsible." On December 5, 1969, appellant was afforded such a departmental hearing.

Appellant argues that the facts of the accident in which he was involved establish nothing more than the mere happening of an accident. He contends there was no testimony produced at the departmental hearing, or the hearing before this court, to support an opinion the accident was his fault. According to appellant, his reaction to sparks suddenly appearing in his car was exactly that which should be expected and, therefore, his momentary distraction was a normal response to the situation. Under these circumstances, even a momentary distraction made his collision with a car parked a few feet to his right unavoidable. To emphasize his contention that the accident was beyond his control, appellant asks the court to consider the investigating officer's conclusion not to charge him with a violation of The Vehicle Code.

A hearing before the court on an appeal from a decision of the Secretary of Revenue suspending an op-

erator's license is de novo and the hearing judge is required to make independent findings of fact. It is the duty of the court to determine anew from the testimony whether the license should be suspended: Royer Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 17 (1968).

It is true that appellant's testimony concerning the extenuating circumstances of the accident is uncontradicted. Our independent review of his testimony, however, convinces us the secretary did not abuse his discretion by arriving at an opinion of this appellant's partial or full responsibility for the accident in which he was involved on March 8, 1969.

Appellant was not momentarily blinded by the sparks, nor was there evidence that the sparks created a dangerous situation. The length of his distraction, while being in the act of passing an oncoming car in a congested area, supports a finding that his reaction to the sparks was disproportionate to the situation. His conduct did not conform to that which should be expected of a reasonably prudent person under the same circumstances. There is evidence of his ordinary negligence and, therefore, appellant must bear the consequences of involvement in an accident for which he is partially or totally responsible.

## CONCLUSIONS OF LAW

1. The action by the Secretary of Revenue in suspending appellant's operating privileges for a period of two months was justified and proper.

2. The appeal is denied and dismissed.

## ORDER OF COURT

And now, March 23, 1970, the within appeal is denied and dismissed. The order of the Secretary of Revenue suspending the junior operator's license of appellant for a period of two months is hereby affirmed and the supersedeas heretofore granted is set aside.