Dunklin Motor Vehicle Operator License Case.

Argued April 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Elmer T. Bolla,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., June 22, 1971:

In this case, the Commonwealth appeals from the order of the court below reversing the action of the Secretary of Revenue in suspending appellee's license for a period of 90 days, pursuant to §619.1(k) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1(k).

At the time of the hearing in the court below, the Commonwealth read the appellee's point record into evidence. This point record was based on the following violations, all of which occurred while he was driving a truck: On August 17, 1967, appellee was convicted of a moving violation on the turnpike other than speeding. Three points were assigned to his record, pursuant to §619.1(b) of The Vehicle Code. On July 3, 1968, he was convicted of speeding (64 m.p.h. in a 55 m.p.h. zone) and three more points were assigned to his record. Since his record now totaled six points, the secretary required him to attend driver-improvement school as mandated by §619.1(f). When he failed to attend the school, the secretary assigned five points to his record under §619.1(f). Since his record now to-

taled 11 points for the first time, his license was suspended for 60 days [§619.1(i) and (k)]; appellee served the suspension, his license was returned, and his point record showed five points, pursuant to §619.1(m). Subsequently, he was convicted on November 22, 1968, for illegally driving through a traffic light and five more points were assigned to his record [§619.1(b)], making his points total ten. Finally, on December 17, 1969, he was convicted of speeding (55 m.p.h. in a 45 m.p.h. zone) and received three points. Since his points now totaled 11 or more points for a second time, the secretary suspended his license for 90 days [§619.1(i) and (k)], effective March 6, 1970; appellee appealed this suspension to the lower court.

In his petition to the lower court asking for relief, appellee's only allegation in support of the request for restoration of his driving privilege was that suspension of his license would result in an economic hardship for himself and his family because he was married, supported a wife and three children, and was a professional truckdriver. The lower court, basing its decision on the testimony taken at the hearing, found that the Commonwealth did not substantiate its claim that appellee did not attend driver-improvement school and, therefore, five points were improperly assessed. Thus, the court held that appellee had accumulated only eight points, not thirteen, and accordingly appellee's license was improperly suspended. We reverse.

In *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968), we held that, in reviewing a suspension mandated by the point system, the lower court's power of review is limited: ". . . in determining 'whether the petitioner is subject to suspension,' the lower court will merely determine whether there has been a compliance with section 619.1. At the hearing before the lower court the Com-

monwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof. . . ." *Id.* at 368, 243 A.2d at 469.

The lower court correctly interpreted *Virnelson* when it held that the licensee's point card is not sufficient evidence that the school was not attended. *Virnelson* merely held that records of convictions are proof of the conviction, and a correct computation of points showing a total of 11 or more is proof that the license was properly suspended. However, the mere entry on a point card that five points were assessed for failure to attend school does not prove that a licensee did in fact fail to attend. This is shown by *Korns Motor Vehicle Operator License Case,* 216 Pa. Superior Ct. 7, 260 A.2d 488 (1969). *Korns* involved a suspension, given in part for points assessed for failure to attend driver-improvement school. This Court held that: ". . . [A] number of facts had to be ascertained before the court could decide whether appellee was subject to suspension. Those facts included the requirements of the school and whether appellee attended and satisfactorily completed those requirements. . . . The record shows a sharp conflict as to appellee's attendance; the Commonwealth's record showing that he didn't attend at all and his testimony claiming that he attended two sessions and was told not to attend the third." *Id.* at 10,

11, 260 A.2d at 490. Thus, the lower court has the power to determine, from the evidence presented, whether the appellee did or did not attend the school. Whether points are properly assigned turns on its determination of this question.

The lower court found from the testimony that the credible evidence was that appellee was only late for school and that there was no evidence to support the Commonwealth's contention that he failed to attend school. It, therefore, concluded that there was no evidence to support the five-point assessment.

Where the findings of the lower court are sustained by the evidence, they will not be disturbed on appeal. *Evans v. Moffat*, 192 Pa. Superior Ct. 204, 160 A.2d 465 (1960). However, an appellate court is not bound by the trial court's finding of fact which is flagrantly contrary to the evidence. *Glen Alden Coal Co. v. Commissioners*, 345 Pa. 159, 27 A.2d 239 (1942). In the instant case, the only testimony regarding attendance at driver-improvement school was the testimony of appellee. The court asked him whether he went to school or actually failed it. The appellee responded: "No, I was late getting there on the date I was supposed to be there and was working and when I got in it was too late, when I showed up. *When I showed up it was all over with* and they wouldn't give me a new date or anything and just added the points to me." (Emphasis added.)[1] Thus, by appellee's own testimony, it was shown that he didn't arrive at school until the class was ended and also that he knew he was supposed to

---

[1] It should also be noted that, in his petition to the lower court, appellee never contended that he was improperly assessed for failure to attend school. Furthermore, when his point record was put into evidence, his attorney agreed completely with the point computation and assessment including the points assessed for failure to attend school. Finally, he did not appeal his first suspension which was based, in part, on his failure to attend school.

attend school. The only conclusion which can be drawn from this testimony is that appellee failed to attend the school when it was in session. Therefore, the lower court's finding of fact that the Commonwealth did not show a failure to attend school is contrary to the evidence and must be overturned. Five points were correctly assigned for failure to attend driver-improvement school.

Since the five points were correctly assigned for failure to attend school, the only other ground upon which the court could have relied to reverse the secretary was economic hardship. The hearing court may not reverse the secretary solely on the ground of economic hardship. *Klitsch Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 53, 245 A.2d 688 (1968).

The order of the court below is reversed and the order of suspension imposed by the Secretary of Revenue is reinstated.