## Shaffer License

*T. Max Hall*, for Commonwealth.

*Alfred Jackson,* for appellant.

WOOD, J., February 3, 1972.—This is an appeal by Myrtle R. Shaffer from an order of the Secretary of Revenue suspending her operator's license for a period of 60 days.

## FINDINGS OF FACT

1. Appellant is duly licensed to operate motor vehicles in the Commonwealth.

2. Because of an accumulation of 10 points under the "point system," appellant was notified on May 27, 1969, by the Commonwealth to appear for a special examination within 30 days of said date.

3. Appellant was not able to take the special examination as directed because she was incapacitated by a leg fracture.

4. Due notice of appellant's physical condition and her inability to take the examination on the date directed was given to the Commonwealth on June 13, 1969, by her attorney.

5. Appellant requested an extension of time by the aforesaid letter of June 13, 1969, which request was refused by letter on July 1, 1969.

6. Five additional points were added to appellant's total on July 16, 1969, for failure to take the required examination, and appellant was notified on the same date that a 60-day suspension had been imposed. She was directed to return her license for a period of 60 days.

## DISCUSSION

The action of the Secretary of Revenue in suspending the appellant's license was based on the provisions of section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1. On appeal from such action, the scope of inquiry is a narrow one, limited to whether the secretary complied with section 619.1: Korns Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 7 (1969). However, in the Korns decision, the court stated that suspension in a case such as the instant one is mandated only if the operator failed to attend and satisfactorily complete the requirements of the statute. The court added that "a number

of facts" must be determined before the lower court can decide whether an appellee is subject to suspension. The case was remanded to the lower court for reconsideration in accordance with the requirements indicated. Thus, it is evident that the circumstances of a given case may support a determination against the assessment of additional points, and resultant suspension.

We appreciate that every requirement imposed on the secretary increases his administrative burden. However, this does not justify denial of proper protection to licensees. Though use of our highways long has been denominated a "privilege," and though it may have been a "privilege" some decades ago, it has become more than that. And we consider that every operator is entitled to reasonable protection of the license he holds. In this regard, see Reese v. Kassab, — F. Supp. — (WD Pa. 1971) (10/26/71), where the court approved the point system and its purposes, as we do, saying that the system is "an intelligent and commendable effort to diminish the carnage on our highways. . ." However, it ruled that the Commonwealth is obliged to afford procedures "appropriate to the nature of the case" when it seeks to terminate an interest such as a license to operate a motor vehicle, except in emergency situations.

We hold that the action by the secretary in the case at bar was not justified, since appellant was incapacitated and sufficient notice of her incapacity had been given to the department. Under these circumstances, the secretary should not have imposed five additional points on appellant's total for failure "to attend or satisfactorily complete" the special examination. The secretary either did not consider the circumstances of appellant or failed to make appropriate allowance for them.

The Court of Beaver County dealt with a similar situation in Commonwealth v. Mengel, 29 Beav. Leg. J. 171, 172-73 (1969). Mengel had missed the last session of driver's improvement school because of a truck breakdown. The imposition of five additional points to his total was held to be unjustifiable and was declared invalid.

For the reasons stated above, the court makes the following:

## ORDER

And now, this February 3, 1972, the Secretary of Revenue is directed to restore in full the operator's license of Myrtle R. Shaffer, the order suspending said license being reversed.

The secretary is further ordered to reschedule an examination for Myrtle R. Shaffer pursuant to section 619.1 (g) of The Vehicle Code.