## Commonwealth v. Shaffer

*John M. Kuchka,* for Commonwealth.

*E. Eugene Eves,* for appellant.

MYERS, P. J., January 8, 1973.—Defendant, a truck driver, has appealed from an order of the Secretary

of Transportation suspending his Pennsylvania operating privileges for 60 days as a result of defendant's accumulating a total of 11 points under section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §619.1.

Defendant contends that: (1) Suspension of his operating privileges will cause him great hardship and inconvenience, and (2) the Secretary of Transportation improperly computed his point total.

In determining whether defendant petitioner is subject to suspension of his operating privileges, the court will determine by hearing de novo whether there has been compliance with section 619.1 of The Vehicle Code.

As to defendant's first contention, it is clear that the court may not consider hardship or inconvenience to defendant as an extenuating, or otherwise relevant, circumstance: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968). See also Dunklin Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 189 (1971). Thus, defendant's first argument must fail and is, therefore, denied.

However, as to defendant's second contention, it should be noted that section 619.1 of The Vehicle Code established the point system for driver education, testing and suspension. Therefore, the manner and accuracy of the point computation by the Secretary of Transportation becomes a relevant issue for the court to review. The pertinent provisions of section 619.1 are as follows:

"619.1(b):

"The secretary shall maintain a record of convictions of every person licensed under the provisions of section 601 of this act, and shall enter therein records of all convictions of such persons for any violation of the motor vehicle laws of this Commonwealth

and shall assign to the record of such person as of the date of conviction of the offense . . .

"619.1(i):

"When any person's record shows an accumulation of eleven (11) points or more, the secretary shall suspend such person's operator's license or learner's permit . . .

"619.1(k):

"Whenever an operator's license or learner's permit is suspended pursuant to the provisions of this section unless otherwise provided, the first such suspension shall be for a period of sixty (60) days . . .

"619.1(m):

"Upon the restoration of driving privileges of any person whose operator's license or learner's permit has been suspended pursuant to this act, such person's record shall show five (5) points, and from the date of restoration, such points shall be removed from his record at the rate of two (2) each year, as provided in subsection (j)"

The relevant chronological facts in the instant case are as follows:

On May 5, 1971, defendant was convicted of violating section 1002(b)(4) of The Vehicle Code by exceeding the speed limit by 20 miles per hour. For such violation, section 619.1 imposes six points and a mandatory 15-day suspension.

On July 30, 1971, defendant was convicted of violating section 1002(c) of The Vehicle Code by exceeding the speed limit on Interstate Route 80 by 11 miles per hour. For such violation, section 619.1 imposes six points, but no mandatory suspension.

On September 17, 1971, defendant was notified to report to a driver improvement school, which he subsequently attended and satisfactorily completed.

On December 17, 1971, defendant's operating priv-

ileges were suspended for 15 days for the conviction of May 5, 1971, supra. At that time, defendant forthwith transmitted his license to the Bureau of Motor Vehicles. Thereafter, on January 11, 1972, at the expiration of the suspension period, defendant's license was restored to him by the Bureau of Motor Vehicles.

On February 28, 1972, defendant was informed by the Bureau of Motor Vehicles that it had received notice of his July 30, 1971, conviction; that, therefore, defendant again possessed 11 points, and that his license would be suspended for 60 days under section 619.1, subsections (i) and (k).

Subsections (i) and (k) may be paraphrased as follows: When an operator accumulates as many as 11 points, the secretary is required to suspend his operator's license under section 619.1(i). If this suspension is his first under the point system, its duration shall be for a period of 60 days, by virtue of section 619.1(k).

The Commonwealth, therefore, argues that the Secretary of Transportation is mandated under these circumstances to impose a 60-day suspension. On the contrary, defendant argues that the points he acquired by virtue of the July 30, 1971, conviction should have been assigned to him prior to his December 17, 1971, suspension. He further contends that following said suspension period, with the subsequent restoration of his license, the points then charged against him would have been expunged, except for the five points with which all restorees renew their driving careers under section 619.1(m).

It should be noted that section 619.1(b) provides, inter alia, as follows:

"The Secretary . . . *shall* assign to the record . . . *as of the date of conviction of the offense,* a number

of points for each such conviction." (Italics supplied.) See Foltz License, 52 D. & C. 2d 760 (1971).

Points must be assessed as of the date of conviction of the offense: Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221.

Therefore, applying the above, if the secretary had properly assigned to defendant the points as of the date of the July 30, 1971 conviction, which is the critical date in this case, defendant would have had 12 points, at that stage. Then, in September, 1971, defendant should have received credit for one point for satisfactorily completing driver improvement school, thereby leaving him with 11 points.

Thus, when defendant's operating license was restored following the 15-day suspension on January 11, 1972, his record should have shown five points in accordance with section 619.1(m). The six points assessed to defendant arising out of the July 30, 1971, conviction should have been expunged by the December 17, 1971, suspension and the subsequent January 11, 1972 , restoration. See Silver Appeal, 54 D. & C. 2nd 616 (1972).

The Commonwealth claims that because of the time lag between the date of the conviction and the time which the secretary receives knowledge thereof, that the conviction in question may not have appeared on the secretary's record at the time of restoration. We reject this argument in view of the explicit language of section 619.1(b) which states that the secretary shall assign to the record, as of the time of conviction of the offense, the number of points for such conviction.

We conclude that defendant should not be required to undergo a period of suspension other than that which he would have undergone had the secretary acted promptly.

We might add, by way of dictum, that had the con-

viction in question, i.e., that of July 30, 1971, required a mandatory suspension in addition to the assessment of points against defendant, the mandatory suspension portion would *not* have been expunged by the restoration of defendant's license. However, in this case, the July 30, 1971 conviction was not of sufficient magnitude to carry a mandatory suspension in addition to the assessment of points.

Therefore, in view of the above, the secretary's point computation was erroneous and did not conform to the provisions of section 619.1 of The Vehicle Code and we make the following

### ORDER OF COURT

And now, to wit, this January 8, 1973, the appeal is sustained and the action of the Secretary of the Department of Transportation in suspending defendant's operating privileges is reversed.