**Huff License**

*George L. Daghir,* for appellant.

*J. Richard Mattern, 2d,* Special Deputy Attorney General, for Commonwealth.

GREINER, P. J., January 24, 1973.—On June 8, 1971, defendant, while operating a tractor-trailer on Route I-80, was clocked by radar at the rate of 71 miles per hour in an allowed 55 mile per hour zone and was issued a citation for violation of section 1002(c) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS § 1002, to which charge he plead guilty before the justice of the peace and paid a fine of $10, plus $5 costs. As a result thereof, he received official notice from the

Bureau of Traffic Safety directing that he attend driver improvement school consisting of four two-hour classes and advising that his driving privileges would be suspended for a 15-day period as a result of this speeding violation. Subsequently, defendant received a formal notice of "withdrawal of motor vehicle privileges" from the Secretary of Transportation advising that under section 619.1(b), "a mandatory 15 day suspension is imposed based on your conviction of speeding 71 M.P.H. in 55 M.P.H. zone." It further advised that it had received certification that he had satisfactorily completed the requirements of driver improvement school and, as provided by section 619.1(f), credit of one point had been given and that his point record had been reduced to six points. It directed "you are required to return any current operator's license in your possession for a period of 15 days." This appeal followed.

Hearings were held and oral arguments heard on this and a similar case of Wendel License 62 D. & C. 2d 451, on the same date. By opinion and order filed this date in Wendel, pursuant to appellate rulings, we held that there was no denial of equal protection under the laws in that the legislature had provided that prosecutions under section 1002(b)(8) did not apply to the "point system" established by section 619.1. Wendel had been arrested under section 1002(b)(8) for violating the speed limits on the same Interstate Highway I-80 on a different day. In the case before us, the arresting officer chose to issue the citation under section 619.1. We, therefore, have two speed violations on the same highway being prosecuted under two different sections of The Vehicle Code which prescribe or permit different penalties.

Consistent with our opinion and order in Wendel and with the appellate authorities cited therein, this

does constitute denial of equal protection under the laws for defendant Huff. In accordance with the reasoning set forth in the authorities therein cited, it should not be left to the whim or choice of the arresting officer to select the section under which an operator should be charged for the same offense on the same highway. It having already been decided the Secretary of the Department of Transportation has the authority to impose appropriate penalties on roads and highways under his jurisdiction not specifically covered by section 619.1 and his decision to impose penalties for violation of speed limits on highway I-80 having been upheld under section 1002(b)(8), it cannot now be held under the reasoning of these appellate decisions that he might also, at the whim and discretion of the arresting officer, exercise the legislative authority under section 619.1 for the same violation on the same highway. Under the Fourteenth Amendment to the Constitution of the United States, equal protection of the laws is secured if the laws operate on all alike and do not subject the individual to an arbitrary exercise of the powers of government: Upsey v. Secretary of Revenue, 193 Pa. Superior Ct. 466 (1960).

Accordingly we enter the following

## ORDER

Now, January 24, 1973, defendant's appeal is sustained and the "withdrawal of motor vehicle privileges" dated December 22, 1971, effective date of suspension January 26, 1972, is hereby voided and the Secretary of Transportation is directed to reinstate the motor vehicle operating privileges of defendant, William F. Huff. Costs to be paid by the Commonwealth and fine and costs heretofore paid to be returned forthwith.