Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* John Michael Pessagno, Appellee.

Argued December 6, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*John Michael Pessagno,* appellee, for himself.

OPINION BY JUDGE WILKINSON, Decmber 18, 1974:

On November 10, 1971, while making what, prior to *Commonwealth v. Swanger,* 453 Pa. 107, 307 A. 2d 875 (1973), was considered to be a "routine traffic check," an officer of the Pennsylvania State Police determined that the appellee was operating a motor vehicle after his operating privilege had been suspended and before it was reinstated in violation of Section 624(6) of The Vehicle Code, Act of April 29, 1959, P. L. 58, *as amend-*

*ed,* 75 P.S. §624(6). Although it is not important to the disposition of this case since a de novo hearing was held in the court below, the record shows that appellee was found guilty of operating a motor vehicle while under suspension in violation of Section 624(6) of The Vehicle Code, 75 P.S. §624(6), and paid a fine and costs in the amount of $110.00 on September 21, 1972. Under the law as later established in *Swanger, supra,* this conviction would now be improper since it resulted from a "routine traffic check" which was there held to be unreasonable and impermissive invasion of privacy.

On July 18, 1973, appellee was notified that his operating privilege was suspended for a one-year period, effective August 22, 1973. On appeal to the Court of Common Pleas of Delaware County and after a de novo hearing where the arresting officer testified to the circumstances of the arrest, the lower court sustained the appeal on the grounds that "it is unconstitutional to permit the fruits of this intrusion to be used as evidence," citing *Swanger, supra.*

Judge MENCER'S opinion in *Civitello v. Bureau of Traffic Safety,* 11 Pa. Commonwealth Ct. 551, 555-56, 315 A. 2d 666, 668-69 (1974), makes it unnecessary for us to discuss the controlling principle further: ". . . it is immaterial whether the licensee has been legally arrested. We will not consider alleged procedural defects or errors based on a criminal proceeding involving the licensee. *See* Commonwealth v. Gourley, 88 Dauph. 41 (1967). Even though the basis of the action may be the commission of a crime, the nature of the suspension proceeding before the Secretary of Transportation is civil and not criminal. The disposition of the criminal case in no way controls or precludes the civil proceedings related to a license suspension determination. Royer Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 17, 245 A. 2d 716 (1968)."

Accordingly, the order of the lower court is reversed and the order of the Secretary of Transportation, suspending the appellee's operating privileges for one year, is reinstated. A reinstated suspension shall be issued within 30 days.