## Commonwealth v. Wright

*Thomas J. Hines*, for Commonwealth.
*W. Peter Barnes*, for defendant Wright.

SUGERMAN, *P.J.*, January 28, 1987 — These are companion appeals to the Court of Common Pleas of Chester County from the action of the Secretary of the Department of Transportation (secretary), by the Director of the Bureau of Driver Licensing, revoking appellants' operating privileges for a period of one year, pursuant to 75 Pa.C.S. §§1532(a)(2) and 1532(b)(3), upon the secretary's receiving notice of each appellant's second conviction for Driving Under the Influence of Alcohol or a Controlled Substance, 75 Pa. C.S. §3731 (Supp. 1986).[1]

Following the arrest of each appellant for the first of the offenses, each appellant accepted Accelerated Rehabilitative Disposition (ARD), and each was admitted into the ARD Program of Chester County. At the time each appellant was admitted into the ARD program, the court, pursuant to the authority conferred by 75 Pa.C.S. §3731(e)(6)(ii), imposed upon each appellant a suspension of each appellant's operating privilege for a period of four months. The operating privilege of each appellant remained suspended for the period of four months. Nevertheless, as the result of conduct on the part of each appellant not here relevant, appellants were removed from the ARD program prior to completion and each was thereafter convicted of driving under the influence, and the secretary thereafter imposed the one-year revocation. Each appellant now seeks to obtain *credit* for the four-month suspension imposed by the court at the time each was admitted to the ARD

---

1. The secretary originally revoked appellants' privileges for a period of five years, pursuant to the "habitual offender" provision of the Vehicle Code, 75 Pa.C.S. §1542. All parties agree that as no third offense had occurred, the five-year revocations were erroneous.

program against the one year revocation later imposed by the secretary.

Appellants contend that when the secretary imposed a one-year revocation for the same offense upon which appellants had already served a four-month suspension, the secretary thereby exceeded his limited statutory authority to impose a one-year revocation for a single violation of 75 Pa.C.S. §3731. Thus, appellants contend, the secretary's action in practical effect results in the imposition of a 16-month revocation, in violation of 75 Pa.C.S. §§1532(a)(2) or -(b)(3). We do not agree.

75 Pa.C.S. §3731(e)(6) provides, inter alia, that "(a)ny person who accepts [ARD] of any charge brought under this section shall accept. . .*and the judge shall impose*. . .(ii) a mandatory suspension of operating privilege for a period of not less than one month but not more than 12 months. . ." (Emphasis added.) Thus, it is obvious that the legislature empowered and directed the court to impose a suspension upon persons accepting ARD. It is equally apparent that the legislature empowered the secretary to impose a suspension or revocation upon one convicted of violating 75 Pa.C.S. §3731.

Thus, two different authorities have been vested with the power to suspend a defendant's operating privilege. Although this duality may, in the view of appellants, result in a double penalty for the same offense, it should be noted immediately that "[d]ouble penalties are not per se unconstitutional, or even unusual." Upsey v. Secretary of Revenue, 193 Pa. Super. 466, 470, 165 A.2d 267, 270 (1960). We find nothing in the Vehicle Code[2] that would

2. Act of June 17, 1976, P.L. 162, §1, as amended, 75 Pa.C.S. §§101, et seq.

lead us to the conclusion that the legislature intended that a suspension imposed by a judge and agreed to by a defendant in the course of an ARD proceeding pursuant to 75 Pa.C.S. §3731 should, upon the failure of such defendant to satisfactorily complete the program be credited against a mandatory suspension or revocation imposed by the secretary pursuant to 75 Pa.C.S. §1532. If the legislature had so intended, it could have easily expressed that intent.

In a similar context, the court in Upsey v. Secretary of Revenue, supra, said:

"We need not speculate upon the reason the legislature provided for both suspension and revocation for the same offense. Whatever the reason may have been, the fact is that the legislature authorized the secretary to suspend the license of an operator for the same offense for which it provided for a mandatory revocation. There is nothing in the constitutions to prevent a double penalty. It is not double jeopardy under art. I, §10 of the Pennsylvania Constitution, and does not violate the due process clause of the Federal Constitution, to apply the penalties of both [75 P.S.] §616 and §618, supra, to the same violation." Id. at 470, 165 A.2d at 270.

In sum, we find no authority, and appellants have cited none, permitting us to credit the time served by appellants under the suspension imposed by the court in the ARD proceedings against the revocation imposed by the secretary.

## ORDER

And now, January 28, 1987, appellants' petitions are hereby denied and dismissed.