Opinion by
Jacobs, J.,
In this and four similar cases argued at the same time, the Commonwealth appeals from an order of the common pleas court reversing the action of the Secretary of Revenue in suspending the operator’s license of the appellee under the provisions of section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1. In each case the Commonwealth argues that the licensee has no right to appeal to the common pleas court from a suspension under section 619.1.
Section 619.1 is the point system for driver education, testing and suspension. Section 619.1 was added to The Vehicle Code on January 24, 1966, and applies to offenses which occur after July 24, 1966. Digangi Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 444, 229 A. 2d 9 (1967).
The pertinent parts of section 619.1 are as follows:
“(a) In addition to the powers and duties of revocation and suspension conferred upon the secretary under sections 616, 617, 618 and 619 of this act, he shall administer a system for driver education, testing and suspension as hereinafter provided.
“(b) The secretary shall maintain a record of convictions of every person licensed under the provisions of section 601 of this act, and shall enter therein records of all convictions of such persons for any viola *362 tion of the motor vehicle laws of this Commonwealth and shall assign to the record of such person as of the date of conviction of the offense, a number of points for each such conviction in accordance with the following schedule of convictions and points. The point system shall apply to the following violations:
“Section of Code Number of points
1002(b), (4), (5),
(6), (7), (9), 1002(c)
Speed Over Legal Limit
6 to 10 ................. 3
11 to 15 ................ 6
16 to 20 ................ 6
(and 15 days suspension)
21 to 29 ................ 6
(and 30 days suspension)
30 and over ............. 6
(and 60 days suspension)
“(i) When any person’s record shows an accumulation of eleven (11) points or more, the secretary shall suspend such person’s operator’s license or learner’s permit.
“(k) Whenever an operator’s license or learner’s permit is suspended pursuant to the provisions of this section, unless otherwise provided, the first such suspension shall be for a period of sixty (60) days; the second such suspension shall be for a period of ninety (90) days, and any subsequent suspension shall be for such period of time as the secretary may, in his discretion deem proper, such period to be not less than one hundred twenty (120) days nor more than one (1) year.”
The appellee in this case was arrested on November 2, 1966 for driving sixty miles an hour in a thirty-five mile per hour zone and charged with the violation *363 of section 1002(b) (4) of The Vehicle Code. She paid the fine and costs to the justice of the peace before whom she was charged. The Secretary of Revenue then applied the foregoing provisions of section 619.1, and, since the appellee had exceeded the speed limit by twenty-five miles per hour, suspended her operator’s license for thirty days.
The appellee appealed to the court of common pleas from the suspension. That court heard the case de novo and reversed the Secretary of Revenue. Under subsection (f) of section 619.1 the Secretary of Revenue had required the appellee to attend driver improvement school, by virtue of which the points for this violation were reduced from six to five. The lower court felt that attendance at the driver improvement school in addition to payment of the fine and costs to the justice of the peace constituted a sufficient penalty for this offense. Since appellee was a nurse, the court also felt that a hardship would be wrought upon her and her employers and patients if she were deprived of her operator’s license for a period of thirty days.
Appellee’s appeal to the court below was taken under section 620 of The Vehicle Code which provides, inter alia, as follows:
“Any person whose operator’s license or learner’s permit has been suspended, or who has been deprived of the privilege of applying for an operator’s license or learner’s permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for a hearing upon thirty (30) days’ written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to *364 determine whether the petitioner is subject to suspension of operator’s license. . . .
“Any party aggrieved by a decision of the court of common pleas . . . shall have a right of appeal to the Superior Court. . . .” (Emphasis added)
The Commonwealth argues that a person whose operator’s license is suspended under section 619.1 has no right of appeal to the court of common pleas for a hearing because the suspension is mandatory upon the secretary rather than discretionary as it was under prior sections of The Vehicle Code authorizing suspensions for similar violations. We cannot agree with the appellant that the operator has no right to appeal in light of the clear language of section 620. However, we do agree with the Commonwealth that the suspension in this case is mandatory on the secretary under section 619.1, and we hold that the scope of the appeal is considerably more limited than it was from suspension for a similar violation of the code prior to the enactment of section 619.1.
Prior to enactment of section 619.1 if an operator violated a provision of The Vehicle Code not rising to the height of a violation which required automatic revocation the secretary could, if he wished, proceed under section 618(b)(2) to suspend the operator’s license. At that time section 618(b)(2) provided as follows:
“(b) The secretary may suspend the operator’s license or learner’s permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:
“(2) That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors. . . .”
Under this section it was immaterial whether the licensee had been convicted before a magistrate or not, *365 and the secretary conld suspend even if the licensee had been acquitted before a magistrate. This was true because the proceedings before the Secretary of Revenue are civil and administrative and it is sufficient if the offense be established by a preponderance of the evidence. Commonwealth v. Funk, 323 Pa. 390, 186 A. 65 (1936); Bureau of Highway Safety v. Wright, 355 Pa. 307, 49 A. 2d 783 (1946).
However, at the same time that the legislature enacted the point system in section 619.1 of The Code, it amended section 618(b) (2) of The Code so that it now reads as follows:
“(b) The secretary may suspend the operator’s license or learner’s permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:
“(2) That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors, except those violations committed by persons licensed under the provisions of section 601 of this act, as enumerated in section 619.1 of this act, in which case suspensions of operators’ licenses or learners’ permits shall be as provided in said section 619.1.” (Emphasis added.)
Thus in violations coming under 619.1 it is no longer required that the secretary find upon sufficient evidence that such person has committed any violation of the laws of this Commonwealth, but simply that he find what is required by section 619.1. Under section 619.1 he is directed to maintain a record of convictions and enter on those records all convictions of such persons of any violation of the motor vehicle laws and assign a number of points for each such conviction and to give suspensions in accordance with the table set out in section 619.1(b) as well as under subsection (i) when a driver has accumulated eleven points.
*366 It becomes our task to interpret and construe this law so as to ascertain and effectuate the intention of the legislature. Section 51, Statutory Construction Act of May 28, 1987, P. L. 1019, 46 P.S. §551. That intention seems to us to be obvious from the clear and unambiguous language of the statute. The amendment to section 618(b)(2) took from the secretary the discretionary power to suspend when one of the violations listed in section 619.1 has been committed by a licensed driver. The secretary can no longer decide to suspend or not suspend for violations under section 619.1 upon his own independent finding that the violation has been committed. When the secretary receives a report of a conviction from any magistrate or from any court of record of the Commonwealth, as required under section 1209 of The Vehicle Code, 75 P.S. §1209, he must enter the same on the record of the driver, assign the designated points and, in the three situations listed under section 619.1(b), suspend the license of the operator.. If the accumulated points of the operator are eleven or more he must then suspend that person’s operator’s license as required by subsection (i) and (k) of section 619.1.[1]
Since the suspensions under section 619.1 in this and the four companion cases no longer involve secretarial discretion we must reappraise the scope of review on appeal from such suspensions. As noted above, section 620, which was not changed when the point system was instituted, provides every suspended licensee the right of appeal to the common pleas court. That court is then required to “take testimony and ex *367 amine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator’s license. . . .” This language has been in the statute for many years and by well established authority has always been construed to permit a full scale, de novo hearing of the case in common pleas court. Commonwealth v. Emerick, 373 Pa. 388, 96 A. 2d 370 (1953); Commonwealth v. Wagner, 364 Pa. 566, 73 A. 2d 676 (1950); Commonwealth v. Funk, 323 Pa. 390, 186 A. 65 (1936).
The rule of de novo review had a clear purpose: “[T]he hearing de novo in the court below protected defendant against an arbitrary exercise of power on the part of the secretary.” Commonwealth v. Cronin, 336 Pa. 469, 474, 9 A. 2d 408, 411 (1939). So long as the secretary had broad discretionary powers to suspend or not suspend as he saw fit, a thorough judicial review was, if not a requirement of due process, at least a proper means of preventing arbitrary or discriminatory suspensions. Commonwealth v. Cronin, supra. Section 619.1 and the amendment to section 618(b) (2) have now divested the secretary of his discretion in suspending for the named violations. The necessity for de novo review of discretionary action has therefore been removed. What is now reviewed is action mandated to the secretary. De novo review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case. The reviewing court may not, however, change the statutory law under which the original decision was made. When the secretary’s power was discretionary the secretary as well as the court could consider extenuating circumstances. Under section 619.1, when the secretary’s action is mandated neither the secretary nor the court may consider such circumstances for they have no bearing on the mandate.
*368 Since the legislature did not except suspensions under section 619.1 from the appeal provisions of section 620, the licensee may still appeal to the lower court from the action of the secretary suspending his operator’s license. However, in determining “whether the petitioner is subject to suspension,” the lower court will merely determine whether there has been a compliance with section 619.1. At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary’s record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted. In violations of section 619.1, such as the speeding violation herein, since the secretary has no discretionary power he must proceed in accordance with the mandate of the legislature. The discretion in these cases has been exercised by the legislature. The merit of the suspension is no longer a matter for determination by either the secretary or the courts.
Although in this case the Commonwealth did not proceed in the manner we have suggested, there was only one conviction at issue and the appellee admits that she paid the fine and costs. This constitutes an admission of conviction and it would be useless to remand the case to determine an admitted fact. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).
*369 In onr opinion the court below had no power to reverse the suspension on the basis that the appellee had been sufficiently punished and that she, her employers and patients would suffer a hardship. This constituted an abuse of discretion. The order of the lower court is reversed and the order of the Secretary of Revenue is reinstated.

 If the secretary decides to impose a third suspension in excess of 120 days under section 619.1(h) he is exercising a discretionary power but that situation is not before this court in this case or any of the four companion cases and this opinion must not be considered as controlling in such situation.