## Miskey License

*A. Bruce Niccolo*, for Commonwealth.

*Charles F. Mayer*, for appellant.

GAWTHROP, P. J., September 12, 1968.—Samuel Allen Miskey appealed from the order of the Secretary of Revenue entered after hearing suspending his junior operator's license under the provisions of The

Vehicle Code of April 29, 1959, P. L. 58, sec. 604.1, added September 16, 1961, P. L. 1367, sec. 2, 75 PS §604.1(a). After hearing the matter is before us for decision.

This court has already held in an earlier case that the point system provided for under section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §619.1, authorizing the Secretary of Revenue to impose points against persons convicted of violations of The Vehicle Code, applies to all licensees including the holders of junior licenses issued under section 604.1 of the code, supra, 75 PS §604.1, and that on appeal from an order suspending a junior operator's license the license will be restored subject to the application of the applicable number of points on his driving record where the offense, if treated under the point system, would have required the imposition of points only, without suspension: Rogers License, 43 D. & C. 2d 500. The same principle applies where the suspension occurs after the junior operator's license has been validated by the secretary as a regular operator's license because the provisions of section 619.1, supra, provide specifically that for violation of section 1006 of the code, supra, three points shall be assigned to a convicted operator without suspension. Section 618(b)-(2) of the code, 75 PS §618(b)(2), as amended, deprives the secretary of the power, after hearing, to suspend the licenses of persons guilty of violations which are enumerated in section 619.1 of the code: Virnelson Motor Vehicle Operator License case, 212 Pa. Superior Ct. 359. Consequently the secretary had no power or authority to impose the suspension here appealed from.

Furthermore, this case differs from Rogers License, supra, in that there is no evidence before us that Miskey pleaded guilty to or was convicted of any violation of the code or voluntarily paid any fine and costs on

a charge of violation of section 1006 or any other section of the code. Consequently, absent evidence of conviction, the provisions of section 619.1 of the code do not apply insofar as assigning points to the operator's record is concerned. We might add that there was no evidence whatever produced before us as to Miskey's operation of his vehicle from which even on a hearing de novo we could convict him of a violation of any of the code provisions. Therefore his operator's license was not subject to suspension by the secretary.

And now, September 12, 1968, the appeal of Samuel Allen Miskey from the Secretary of Revenue's order of suspension of his operator's license is sustained, the order of the Secretary of Revenue suspending the same is reversed and said license is hereby ordered to be restored forthwith without the assignment to his operator's record of any points under the point system provided in section 619.1 of The Vehicle Code.