## Barenborg License

*Thomas A. Pitt, Jr.*, for appellant.
*Larry Elliot Jones*, for Commonwealth.

MARRONE, J., October 22, 1968.—In this case, Karen N. Barenborg has appealed from the order of the Secretary of Revenue suspending her operator's privileges for 90 days under the provisions of The Vehicle Code of the Commonwealth of Pennsylvania: The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1. The aforesaid section is the point system for driver education, testing and suspension, which was added to The Vehicle Code on January 24, 1966, and applies to offenses which occur after July 24, 1966. The section confers upon the secretary the duty to main-

tain a record of convictions of every person licensed under the provisions of the act and to enter therein the records of all convictions of such persons for any violation of the motor vehicle laws of the Commonwealth and to assign to the record of such person as of the date of conviction of the offense, a number of points for each such conviction in accordance with a schedule of points for such convictions. There follow in sections 619.1 (i) and (k) provisions for suspensions upon an accumulation of 11 points or more with the periods of suspension set forth in subsection (k).

Appellant's petition avers that on or about May 30, 1967, she was ticketed for speeding and passing violation in the City of Philadelphia and that she paid the fine and costs on the aforesaid violation in response to a notice to appear from the traffic court in the City of Philadelphia. In February, 1968, petitioner was notified that by reason of a total point accumulation of 16, effective March 4, 1968, her operating privileges would be suspended for a period of 90 days.

At the hearing the Commonwealth offered as evidence certain documents under the seal of the Department of Revenue as follows:

1. Certification of traffic violation, City of Philadelphia, dated May 30, 1967;

2. Certification of point card for the appellant as it appears in the files of the department;

3. Certification of withdrawal of motor vehicle privileges dated February 26, 1968 for the appellant as it appears in the files of the Bureau of Traffic Safety, Harrisburg, Pennsylvania.

Appellant's counsel objected to the admission into evidence of the certification of traffic violation which objection was taken under advisement by the court. We now sustain the objection since the statutory requirement is not that a certification of the traffic

violation be produced but that the record of conviction of appellant be produced.

Appellant offered no evidence and accordingly it is our function to determine whether or not the Commonwealth has made out a prima facie case. If a prima facie case has been established by the documents then the suspension order of the Secretary of Revenue must be sustained.

Virnelson Motor Vehicle Operator's License Case, 212 Pa. Superior Ct. 359 (1968), has set forth the scope of review of the court in appeals involving suspensions under section 619.1 of The Vehicle Code. Virnelson holds that the Secretary of Revenue has no broad discretionary powers to suspend or not suspend under this section, and that since the secretary's action is mandated, neither the secretary nor the court may consider extenuating circumstances. Virnelson further sets forth that at the hearing before the court, the Commonwealth should produce the *records of conviction* received by the Department of Revenue from the magistrates and courts of record in the proper form, · and the secretary's record compiled therefrom which justified the suspension. In this case no certification of the records of convictions relied upon by the Department of Revenue in compiling the points were submitted. As such, it would appear that the Commonwealth has not met its burden. However, here, as in Virnelson, there was only one conviction at issue. This was the conviction dated May 30, 1967. Appellant here, as in Virnelson, admits in her petition that she paid the fine and costs. Accordingly, we deem it appropriate to follow the ruling of the Superior Court in Virnelson since the admission of the payment of the fine and costs constitutes an admission of conviction. There was no objection to the certification of appellant's point card and the total as it appears thereon. Therefore, appellant has failed to overcome the prima facie case established

by the Commonwealth. She has neither shown that she was not convicted nor that the records or the computation of the Secretary are incorrect insofar as her points are concerned. We have no power, therefore, to reverse the suspension on any of the grounds that she avers in her petition.

The order of the Secretary of Revenue suspending appellant's operating privileges for a period of 90 days is affirmed and the appeal is dismissed.