## Klatzkin License

*Edwin N. Popkin,* for appellant.
*R. Barry McAndrews,* for Commonwealth.

BODLEY, J., January 7, 1969.—On June 10, 1968, the Secretary of Revenue notified appellant of the withdrawal of his operating privileges for a period of 60 days because of the accumulation of 11 points on his record under the "Point System," sections 619.1(i) and 619.1(k) of The Vehicle Code. Appellant thereupon filed this appeal from the order of the secretary. After hearing thereon, we make the following

### FINDINGS OF FACT

1. Appellant Lloyd H. Klatzkin is a resident of the County of Bucks and, as of June 10, 1968, was the holder of a valid Pennsylvania operator's license.

2. On that date, the Secretary of Revenue caused a notice of suspension to be forwarded to him, advising him of the withdrawal of his operating privileges for a period of 60 days by reason of the accumulation of 11 points on his record, as mandated by the provisions of section 619.1(i) and 619.1(k) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §§619.1(i) and 619.1(k).

3. At the hearing thereon, held August 8, 1968, the Commonwealth introduced a properly certified record of appellant's conviction on February 16, 1968, of the offense of speeding, under section 1002(b)(4) of The Vehicle Code; a properly certified copy of the "point card" maintained for appellant in the files of the Bureau of Traffic Safety; and a properly certified copy of the notice of the withdrawal of appellant's operating privileges, dated June 10, 1968 and directing the surrender of appellant's operator's license for a period of 60 days, pursuant to the mandate of the above mentioned point system.

4. No additional testimony was offered on behalf of the Commonwealth and no testimony was offered on behalf of appellant.

5. The certification of appellant's so-called point card refers to a conviction on October 4, 1967, for the violation of section 1002(b)(9) of The Vehicle Code with the resultant assignment of six points therefor. However, no certification of said conviction appears in the record.

DISCUSSION

It is clear that the right of appeal under section 620 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §620, was preserved for the aggrieved licensed motor vehicle operator notwithstanding the institution of the point system under section 619.1: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968).

The issues in such an appeal, however, no longer include an inquiry into possible abuse of discretion on the part of the Secretary of Revenue nor into the question of whether or not the appellant was *properly* convicted, as was the case prior to the implementation of the point system. The only questions now before the court on such an appeal are: (1) whether or not appellant was in fact convicted of the offenses charged

and (2) whether or not the secretary's computation of points was correct. See Commonwealth v. Guerrieri, 58 Luz. 264 (1968).

The Commonwealth has the burden of establishing through legally competent evidence, however, that the secretary's record of appellant's convictions supports the suspension imposed. Such records may be offered through qualified witnesses or via proper certification of the essential documents: The Vehicle Code of April 29, 1959, P. L. 58, sec. 1224, 75 PS §1224. In this case, it is clear that the Commonwealth seeks to establish its case through the certification of the official records and this it has failed to do. It becomes clear at once that the Commonwealth has not introduced into this record a certification of the alleged conviction of appellant on October 4, 1967, for the violation of section 1002-(b) (9). The socalled point card which sets forth the fact of the assignment to appellant of six points for such a violation is not supported by a certification of the conviction itself. The point card is no substitute for competent proof of the record of the section 1002-(b) (9) conviction, but merely bears a reference thereto. Since the Commonwealth's evidence supports the act of the secretary in assigning to appellant six points for the February 16, 1968, conviction under section 1002 (b) (4), but fails to support his action in the assignment of six points for the alleged October 4, 1967, conviction under section 1002 (b) (9), the Commonwealth has failed to establish a prima facie case under which the Secretary of Revenue can be said to be justified in the assignment of the total of 11 points to appellant.

It may well be, as maintained by the Commonwealth's counsel at the hearing, that appellant was in fact convicted of the section 1002 (b) (9) offense, but in the absence of competent proof thereof, the suspension must be set aside.

We, therefore, reverse the order of the Secretary of Revenue and enter the following

ORDER

And now, to wit, this January 7, 1969, the within appeal from the suspension of the operator's license of Lloyd H. Klatzkin is hereby sustained and the order of the Secretary of Revenue suspending his operating privileges is vacated, overruled and reversed.