**Lohler License**

*John J. Hudacsek, Jr.*, for appellant.
*W. N. Dinsmore*, for Commonwealth.

ROWLEY, J., August 26, 1969.—This matter is before the court upon the appeal of Curtis R. Lohler from an order of the Secretary of Revenue suspending his operator's license for a period of 60 days. The matter came on for hearing and from the testimony we make the following

## FINDINGS OF FACT

1. Appellant is a citizen of the Commonwealth of Pennsylvania and resides at 1403 West Eleventh Street, Beaver Falls, Beaver County, Pa.

2. Appellant is licensed to operate motor vehicles in the Commonwealth of Pennsylvania.

3. Prior to September 30, 1968, appellant had accumulated a total of five points on his driving record by virtue of two prior speeding convictions.

4. On September 30, 1968, appellant was operating a tractor trailer unit in an easterly direction on Route 322 in Lancaster County, Pa. At that time his speed was clocked by a Pennsylvania State Trooper using an approved electromatic speed meter.

5. On October 3, 1968, the State trooper filed a complaint against appellant before Justice of the Peace Lane, in Lancaster County, charging that appellant had been operating the tractor trailer at a speed of 55 miles per hour in a 45 mile per hour speed zone.

6. On November 13, 1968, Squire Lane held a hearing which was attended by two State troopers and

appellant's attorney in Lancaster County. Appellant did not attend the hearing.

7. At the conclusion of the hearing before Squire Lane, he reserved decision and advised appellant's counsel that he would notify him of his decision.

8. Shortly after the hearing before Squire Lane, he suffered a stroke and was hospitalized. The squire died on April 11, 1969.

9. Neither appellant nor his Lancaster County counsel were ever notified by Squire Lane of any decision reached by him in the case.

10. Appellant has never paid any fine or costs as a result of the charges filed against him.

11. On or about January 9, 1969, the Pennsylvania State trooper completed his Pennsylvania State Police Traffic Arrest Report and filed the same with the Bureau of Traffic Safety, Harrisburg, Pa. The State trooper indicated on the report that appellant had been "found guilty" and that a fine of $10 and costs in the amount of $5 had been imposed.

12. On February 20, 1969, the Bureau of Traffic Safety notified appellant, in writing, that as the result of a conviction on January 9, 1969, for a violation of section 1002(c) of The Vehicle Code of April 29, 1959, P. L. 58, an additional three points had been charged against his driving record, giving him a total point accumulation of 8. He was also instructed by that notice to appear for a special examination to be given by the Pennsylvania State Police.

13. Appellant, upon receipt of the notice from the Bureau of Traffic Safety, contacted his attorney in Lancaster County and was instructed to disregard the notice since neither of them had received any notice of conviction or decision by Justice of the Peace Lane.

14. Appellant did not take the special examination.

15. On April 25, 1969, appellant was notified by the Secretary of Revenue that due to his failure to take the special examination, an additional five points were being added to his driving record. His total point accumulation was then 13 points. As a result, the Secretary of Revenue advised him that his license was being suspended for a period of 60 days in accordance with section 619.1(g)(i)(k) of The Vehicle Code, supra.

## DISCUSSION

The scope of our review on this appeal is set forth in Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968). When the Secretary of Revenue suspends an operator's license, pursuant to section 619.1 of The Vehicle Code, known as the "point system," we are to determine merely whether the secretary complied with section 619.1. In that case, the court said:

"Thus in violations coming under 619.1 it is no longer required that the secretary find upon sufficient evidence that such person has committed any violation of the laws of this Commonwealth, but simply that he find what is required by section 619.1. Under section 619.1 he is directed to maintain a record of convictions and enter on those records all convictions of such persons of any violation of the motor vehicle laws and assign a number of points for each such conviction and to give suspensions in accordance with the table set out in section 619.1(b) as well as under subsection (i) when a driver has accumulated eleven points." (At page 365)

"Since the legislature did not except suspensions under section 619.1 from the appeal provisions of section 620, the licensee may still appeal to the lower court from the action of the secretary suspending his operator's license. However, in determining 'whether

the petitioner is subject to suspension,' the lower court will merely determine whether there has been a compliance with section 619.1. At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record *in the proper form*, and the secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because *the issue is whether he was convicted and not whether he should have been convicted.* In violations of section 619.1, such as the speeding violation herein, since the secretary has no discretionary power he must proceed in accordance with the mandate of the legislature. The discretion in these cases has been exercised by the legislature. The merit of the suspension is no longer a matter for determination by either the secretary or the courts." (At page 368) (Emphasis added)

Thus, it appears that the secretary is empowered to act, under section 619.1, only when he has received a record of conviction in proper form. Section 1209 of The Vehicle Code, supra, 75 PS §1209, establishes the procedure to be followed by justices of the peace in reporting convictions for violations of the vehicle code. There is no evidence that such a procedure was initiated by Squire Lane. At the hearing before us, the Commonwealth submitted certified copies of conviction reports for appellant's first and second convictions. However, no such report was ever submitted for the alleged violation of September 30, 1968. It is

clear, and everyone agrees, that at the conclusion of the hearing before Squire Lane, he reserved decision. Neither appellant nor his counsel were ever notified of any such decision. It does not appear that Squire Lane ever sent an official conviction report form to the Commonwealth. On the contrary, the only record of any conviction is contained in the trooper's arrest report which was submitted by the trooper to the Bureau of Traffic Safety. Although the trooper testified that he had discussed the matter with Squire Lane, possibly in the hospital, and that he obtained the information relative to the conviction and fine from him, it does not appear that there was ever any official or formal finding of guilty or conviction in this case. It may well be that Squire Lane indicated that it was his intention, upon regaining his health, to find defendant guilty and levy a fine. The fact remains that in the record before us there is no record of any formal decision or finding by the squire or any report by him to the Commonwealth of any such finding or conviction. Under these circumstances the Commonwealth has not made out a "prima facie" case. According to the record before us, the secretary's record is not based upon adequate and sufficient records. For that reason, his action must be reversed.

We would point out that it would appear that the appropriate way to proceed in this matter, since no decision was ever rendered by Squire Lane prior to his death, would be for another hearing to be held before an appropriate squire and a determination made on the merits. If there is a conviction that matter may then be certified to the Bureau of Traffic Safety and appropriate steps then taken.

## CONCLUSIONS OF LAW

1. The Commonwealth failed to make out a prima facie case for suspension.

2. There is no record in proper form of any conviction of appellant for any offense of September 30, 1968.

3. The action of the Secretary of Revenue in suspending appellant's operating privileges was not justified.

Entertaining these views, we make the following

### ORDER

Now, August 26, 1969, after hearing, the appeal is sustained and the action of the Secretary of Revenue in suspending the operating privileges of the appellant for a period of 60 days is reversed. It is now ordered and directed that appellant's operating privileges be restored to him.