### Litke License

*Litke, Gettig, Flood & Geiser,* for appellant.
*Joseph E. Favuzza,* for Commonwealth.

CAMPBELL, P.J., January 13, 1970.—On September 11, 1969, the Commissioner of Traffic Safety suspended petitioner's motor vehicle license a second time. Section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, known as the "point system" is involved. Petitioner has appealed.

The scope of our review is limited to two questions: Was petitioner convicted of the alleged offense and, if so, were the points properly assessed?: Virnelson Motor Vehicle Operator License, 212 Pa. Superior Ct. 359 (1968).

Defendant's point record involves four alleged speeding violations: Section 1002-B. The department's record, as offered in evidence, is as follows:

| Litke, John D. | 13017395 | 021247 | L | 0163 | 3 | 2 |
|---|---|---|---|---|---|---|
| 805 Robin Rd. | Operator Number | D O.B. | Rost. | Exam | 6 PT | Susp. |
| State College, Pa. 16801 | E | 0271 | | O | 1 | |
| | Stop Code | Rn. Stat. | Re-Exam. | Dup | Type | |

| T/C | | Conviction Date | Violation Code | Arrest Date | Disposition | PTS |
|---|---|---|---|---|---|---|
| A | 680 | 082066 | 1002B9-2 | 082066 | School Letter | 06 |
| B | 610 | 102467 | | | Passed School | 01- |
| C | 700 | 082067 | | | Auto 2 pt. Credit | 02- |
| D | 680 | 022168 | 1002B6-2 | 022168 | Exam Letter | 06 |
| E | 621 | 070268 | | | Fail-Susp 60 Days | 05- |
| F | 110 | 100368 | | | Suspension Release | *09- |

| G 680 | 020267 | 1002B6-1 | 122666 | Interview Letter | 03- |
|-------|--------|----------|--------|------------------|-----|
| H 630 | 070969 |          |        | No Action | 00 |
| I 680 | 091167 | 1002B9-1 | 081667 | Susp. 90 Days 090369 | 03 |
|       |        |          |        | TOTAL POINTS | 11 |

At the hearing, the Commonwealth offered in evidence certified copies of the convictions of 8-20-66 and 9-11-67. Commonwealth failed to offer any certified record of a conviction dated 2-2-67 and, with respect to an alleged conviction of 2-21-68, they offered in evidence a photostatic copy of a letter which the department had written to a justice of the peace, Margaret R. Fisher of Mifflintown, Pa., asking her to complete and return a certificate of conviction pursuant to section 1209 of the code. This letter was returned marked "addressee deceased."

Petitioner demurred to Commonwealth's evidence.

Petitioner's appeal must be sustained for two reasons:

1. Since the Commonwealth has not produced records of convictions received by the department from magistrates in the proper form for the alleged convictions of February 2, 1967, and February 21, 1968, it has not made out a prima facie case for suspension: Virnelson Motor Vehicle Operator License, supra.

With respect to the alleged conviction of February 21, 1968, where the justice of the peace died prior to complying with the requirements of section 1209 of the code, Commonwealth should proceed to prove by any available evidence petitioner's conviction: Lohler License, 47 D. & C. 2d 401.

2. We believe that the commissioner is in error in the computation of points. Section 619.1, 75 PS §619.1, provides, inter alia:

"The Secretary shall maintain a record of convictions of every person licensed under the provisions of section 601 of this act, and *shall enter therein*

*records of all convictions of such persons for any violation* of the motor vehicle laws of this Commonwealth and *shall assign to the record of such person as of the date of conviction of the offense,* a number of points for each such conviction in accordance with the following schedule of convictions and points. . . .": The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1.

It is clear from petitioner's departmental record that the commissioner did not assess points as of the date of conviction. If the entries thereon had been made chronologically and the points assessed as of the date of conviction, the suspension of July 2, 1968, would have reduced the total of petitioner's points to five (see section 619.1(m)) and the present suspension would, therefore, be improper.

The matter is extremely important to petitioner inasmuch as his suspension of July 2, 1968, occurred while he was serving his country in Vietnam. Now he is a full-time student at Susquehanna University.

And now, January 9, 1970, petitioner's appeal is sustained and the suspension order of the secretary is reversed.