## Hiland License

*William C. O'Donnell*, for appellant.

*Jack A. Rounick*, for Commonwealth.

DITTER, J., July 16, 1970.—This matter is before the court on the Commonwealth's motion to quash an appeal from the assessment of penalties under The Vehicle Code.

The petition of George Hiland alleges that six points have been charged to his driving record by the Secretary of Revenue and that petitioner has been directed to attend a driver improvement school. The points were levied as the result of a supposed violation of section 1002(c) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, but petitioner avers he did not violate the code and has not been convicted of doing so. He therefore contends that the Commonwealth has neither the right to assess points against him nor the right to require him to go to school.

The Commonwealth's motion to quash is based on the ground that no appeal lies unless and until there is an actual suspension of an operator's license. Reliance is placed upon section 619.1 of The Vehicle Code, as added by the Act of January 24, 1966, P. L. (1965) 1497, 75 PS §619.1, and the Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968). As we understand it, the Commonwealth contends the secretary is absolutely privileged to levy six points against a driver's record and require his attendance at school. No matter how arbitrary, capricious or erroneous this action may be, the driver has no judicial recourse. We disagree.

Section 619.1 empowers the secretary to register the designated number of points upon a driver's record after there has been a conviction. If there has been no conviction, there should be no assignment of points and the driver should not be required to take a driver-improvement course. Our reading of The Vehicle Code and of Virnelson does not convince us that a driver must wait until his license is actually sus-

pended before he asks for a judicial review of the secretary's actions. Obviously, months or years might intervene between an erroneous assessment of points and the further accumulation which would bring on suspension. When memory has dimmed, personal records have been lost and witnesses scattered, it is cold comfort to be told that the time has now arrived to attack a bureaucratic blunder. We believe requiring the secretary to establish in court the basis for a point assignment and a school order poses little hardship when compared to the potential consequences if a mistake has been made. To us, this is a matter of fundamental fairness and due process.

And now, July 16, 1970, the Commonwealth's motion to quash is hereby refused and the Commonwealth is given 20 days within which to answer the petition.