**Wallace License**

W. *Edward Bushong, Jr.*, for Commonwealth.
*Joseph R. Polito, Jr.*, for appellant.

PITT, JR., J., April 7, 1971.—Appellant has appealed from an order of suspension of his operating privilege for a period of 120 days, imposed January 11, 1971, effective January 20, 1971, and based on an alleged accumulation of 13 points, under section 619(i) and (k) of The Vehicle Code of April 29, 1959. P. L. 58, added January 24, 1966, P. L. (1965) 1497, sec. 2, 75 PS §619.1. That action was taken by the Secretary of the Department of Transportation, based upon a certification of appellant's conviction on April 23, 1968, of a violation of section 1007 of the code for failure to pass at a safe distance to the left on March 8, 1968, for which the secretary, on October 28, 1970, assigned to appellant's record three points as of the date of the conviction, April 23, 1968.

In the petition for appeal and at the hearing thereon, counsel for the appellant contended that there should be a hearing de novo in which the merits of the offense of March 8, 1968, would be considered, and, further in the event such hearing was denied, that petitioner was not subject to suspension, since the sec-

retary, did not follow the mandatory provisions of section 619.1. This latter position is based on the contention that since the code requires the secretary in section 619.1(b) to assign a number of points as of the date of conviction of the offense, and that since an intervening suspension and reinstatement in late 1969 and early 1970 required under section 619.1(m) that the suspended person's record show only five points, the secretary is precluded from assigning the three points for this latest violation in October of 1970 as of the date of the conviction, April 23, 1968.

We reject the first argument, since on the appeal of a motor vehicle operator whose license has been suspended under section 619.1 of the code, we are limited to determining whether the driver was convicted and whether the secretary properly computed the points and applied the mandatory provisions of the code, and we may not inquire into the facts of the violation or the mitigating circumstances thereof. Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968).

In considering upon the validity of the assignment of these points by the secretary, we deem it wise to review the entire driving record. This court, in its allowance of the appeal in order dated January 19, 1971, directed the Secretary of the Department of Transportation to supply to petitioner or his attorney, a certified copy of the extract of petitioner's driving record. That, apparently, was most fully complied with, since counsel for appellant and for the Commonwealth at the hearing on this matter jointly introduced exhibits C-1 through C-10, which reconstruct appellant's driving record in its entirety. From these, we make the following summary:

| Date of Offense | Date of Conviction | Offense | Point Record |
|---|---|---|---|
| 1-8-67 | 3-8-67 | 1002(A) | 5 pts |
| 2-22-67 | 5-4-67 | 1012 | 3 pts |
| —Failed School—5 additional points | | | 5 pts |
| | | Total | 13 pts |

—60-day-suspension 11-3-67 (619.1(k))
—Restored—1-6-68

| | | | |
|---|---|---|---|
| —Record Now (619.1 (m)) | | | 5 pts |

| | | | |
|---|---|---|---|
| 9-10-67 | 10-30-67 | 1002(b)(6) (65/55) | 3 pts |
| 7-27-67 | 1-22-68 | 1002(b)(6) (70/50) | 6 pts |
| | | Total | 14 pts |

—15 and 90-day-suspensions 4-15-68 (619.1(k))
—Restored 7-30-68

| | | | |
|---|---|---|---|
| —Record Now (619.1(M)) | | | 5 pts |

| | | | |
|---|---|---|---|
| 10-5-67 | 12-2-67 | 1001(1) | 5 pts |
| 3-15-68 | 4-10-69 | 1002(b)(4) | 6 pts |
| | | Total | 16 pts |

—30 and 120-day-suspensions—9-4-69 (619.1(k))
—Restored 1-28-70

| | | | |
|---|---|---|---|
| —Record Now (619.1(M)) | | | 5 pts |

| | | | |
|---|---|---|---|
| 6-6-69 | 11-8-69 | 1016(A) | 5 pts |
| 3-8-68 | 4-23-68 | 1007 | 3 pts |
| | | Total | 13 pts |

—120-day-suspension—1-20-71 (619.1(k))

If we are to adopt appellant's position, then we must find, as the late President Judge Gawthrop would not, that the legislature intended to make appellant a gift of the three points assignable to his April 23, 1968, conviction. See Commonwealth v. Nieves, Court of Common Pleas of Chester County, Misc. No. 12965 (1969).

Section 619.1(b) of The Vehicle Code requires the secretary to maintain a record of convictions and to enter on each licensee's record, all convictions for violations and assign *as of the date of conviction* a number of points in accordance with the schedule. The subsections of 619.1, in dealing with the duties of the secretary, are all premised upon the state of that record as of a given point accumulation. Exhibit C-9 that was offered into evidence indicates the existence and appearance of appellant's driving record, and we find that the action of the secretary was correct in imposing the 120-day suspension which is the subject of this appeal. We note parenthetically that appellant on this record could have received up to a one-year suspension instead of the minimum allowed under section 619.1(k).

When the wording of legislation is not explicit, we may determine the intention of the Legislature by considering, inter alia, the mischief to be remedied and the object to be obtained by its enactment. Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. Since it is obvious that the secretary is not even aware of motor vehicle violation convictions on the dates on which they occur, we think that a literal translation of the requirement of section 619.1(b), which requires assignment of points to the record *as of the date of conviction* of the offense, inap-

plicable. It appears that this provision of the statute is not for the purpose of demanding chronological sequence, but, on the contrary, finds applicability in the provision of 619.1(j) which requires removal at the rate of two recorded points for each year after a conviction in which the driver is not convicted of any violation of the auto laws.

We believe the secretary must act with reasonable promptness, and we are unwilling to say on this record that the delay was unreasonable. We note in review of the summary of the driving record herein set forth that had the April 23, 1968, conviction come immediately to the attention of the secretary and been placed in chronological sequence, which appellant claims is required, an almost identical result would come about. Again, referring to the summary of the driving record, if the April 1968 conviction was entered following the December 2, 1967, conviction, there would then have been a point accumulation of 13 points and the secretary would have been required under section 619.1(k) to impose a 120-day suspension for the third suspension on said record. The five points which would remain on the record after the restoration when added to the convictions of April 10, 1969, six points, and November 8, 1969, five points, would have then provided a point accumulation of 16 points and the secretary would have been required to impose a fourth suspension of not less than 120 days nor more than one year. We think this appellant without valid complaint.

And now, April 7, 1971, the appeal is dismissed, the action of the Secretary of the Department of Transportation is sustained, and the order of suspension for 120 days of the operating privilege of John Wallace is reinstated.