**Rarick Appeal**

*Robert E. Bull,* for Commonwealth.

*Franklin E. Kepner,* for appellant.

KREISHER, P. J., July 2, 1971.—This case is before the court on appeal from the action of the Secretary of Transportation is suspending the operator's license of appellant under section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1, et seq., as amended, which establishes the point system for driver education, testing and suspension.

Section 620 of said code provides for said appeal and appellate case law confines our inquiry to a determination of whether or not, "the suspension was

given in accordance with the mandate of Section 6191." Appellant "may not go into the facts of his violation or mitigating circumstances" but "he may . . . show he was not convicted or that the records or the computation of the secretary are incorrect": Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 368.

The suspension notice reads, in part, as follows:

"As a result of your conviction on 3-30-71 of violating Section 1002B6 of The Vehicle Code on 2-19-71, 6 points have been assigned to your record as of date convicted.

"Your total point accumulation is 12 points.

"Under Section 619 1-B, a mandatory 15 days suspension is imposed based on your conviction of speeding 75 m.p.h. in 55 m.p.h. zone.

"Since your record shows an accumulation of at least 11 points, a suspension of 60 days is imposed as mandated by Section 1-I and K.

"You are required to return any current operator's license in your possession.

"The above mentioned suspensions are to run consecutively."

At the hearing on appeal, counsel for the Commonwealth offered into evidence the records of convictions received by the Bureau of Traffic Safety from the magistrate and courts of record and the secretary's record compiled therefrom which is the basis of the suspension.

The citation signed by the Pennsylvania State Police radar operator for the conviction dated March 30, 1971, alleged appellant's speed at 73 m.p.h. in a 55 m.p.h. zone. However, under item 63 headed "Remarks," it is stated, "Defendant convicted of traveling 64 m.p.h.," and this is followed by the magistrate's signature.

Appellant contends the secretary is bound by the magistrate's finding which is only a three point penalty under the point system and that it was error to assess six points which is in accordance with the radar speed alleged in the body of the citation.

The foregoing record brings into focus the perplexing question which defense counsel have requested the court to solve for years in speeding cases involving conflicting testimony as to the actual rate of speed at the time of the alleged violation. The comparatively recent adoption of the point system magnified the importance of the answer to this question because under the new system, the difference of as little as one mile per hour makes a tremendous difference in the penalty to be imposed.

This court in the past refrained from finding as a fact the exact speed and confined its conclusion to a mere determination of whether or not Commonwealth's evidence was sufficient to prove any excessive speed. It was not uncommon for a defendant to admit the violation, but generally the alleged rate was vehemently denied. The rationalization for our reluctance to fix defendant's speed was predicated upon the provisions of the code as they existed before the adoption of the point system. Under the prior law, the alleged violator was entitled to a subsequent departmental hearing and suspensions were a discretionary matter. Therefore, we concluded all mitigating circumstances including the actual rate of speed was a matter to be considered by the departmental examiner and his discretionary powers should not be usurped by the court.

The foregoing reasoning has been nullified by the legislative point system edict, because it abrogates the departmental hearing and makes suspensions manda-

tory; therefore, under the rule above quoted from the Virnelson case which closes the door to "the facts of the violation or mitigating circumstances," the alleged violator is completely stymied from refuting the alleged speed at any juncture following the magistrate's hearing. If he waives a hearing and pays, the trap is sprung and he is without redress. Under this state of the law, we conclude simple logic justified the magistrate after hearing all of the evidence to make a finding of fact fixing an actual rate of speed.

This leaves us with the important question of whether or not the secretary is bound by the conclusion of the magistrate or may he arbitrarily impose the penalty in accordance with the rate of the alleged speed in the citation or complaint?

The recently revised Pennsylvania Constitution established a new magisterial system which is now governed by the promulgation of rules adopted by the Supreme Court. This new concept has enhanced the dignity, ability, qualifications and authority of the minor judiciary, because the justice of the peace is now a salaried State employe with the fee system abolished. The newly created court administrator's office is charged with supervisory control, instructional seminars and regular periodic reports which have elevated the quality of both the personnel and the judgments rendered. It is not uncommon to now find members of the bar holding office, which is the case in this proceeding. Therefore, we conclude a proceeding before a justice of the peace is a judicial proceeding and any judgment rendered by that court is conclusive upon the parties to the litigation.

It would seem to follow that the facts found by the justice of magistrate after hearing all of the evidence in a case prosecuted in the name of the Commonwealth

is also binding upon the parties and privies thereto, including any State bureau or department exercising mandatory legislative edicts predicated upon factual situations.

It would also seem immaterial as to whether or not the foregoing conclusion is reached by the application of the rule of collateral estoppel, the doctrine of res judicata or the full faith and credit clause of the Constitution, because a final judgment, unappealed, precludes subsequent inquiry into the merits, and this conclusive result follows no matter how erroneous in law or fact the judgment may appear to the parties or the privies thereto: Spotts v. Bankers Mutual Insurance Company, 5 Adams Leg. J. 178 (1964), 22A Pa. D, 530 sec. 828 (3.8).

From the foregoing, we conclude that the computation of the secretary assigning appellant's record six points for excessive speed of 18 m.p.h. was incorrect, as his excessive speed according to the finding of the justice was only nine miles per hour, which is a three point penalty. This would make- appellant's total points 9 instead of 12 and since the penalty for total points begins at 11, we conclude the secretary erred not only in the order of suspension for excessive speed, but also for total point accumulation.

## ORDER OF COURT

And now, to wit, July 2, 1971, it is ordered that the appeal in the above-captioned matter be and the same is hereby sustained at appellant's costs. The order of the Secretary of Transportation is set aside and a new order consistent with the foregoing opinion shall be issued and served upon appellant in due course. Exception noted.