## Boots Appeal

*S. K. Levine*, for appellant.

*D. Fetzko*, for Secretary of Transportation.

KLEIN, J., May 15, 1972.—This matter is before the court upon the appeal of Albert William Boots from an order of the Secretary of Transportation suspending his operating privileges for a total of 105 days, 15 days for a speeding offense of February 17, 1970, which allegedly resulted in a conviction on October 27, 1970, and an additional 90 days for having accumulated 11 points for the second time, as a result of said alleged conviction of October 27, 1970, in accordance with Act of January 24, 1966, P. L. (1965) 1497, sec. 2(k), 75 PS §619.1(k). From the evidence presented at the hearing, we make the following

### FINDINGS OF FACT

1. Appellant is a citizen of the Commonwealth of Pennsylvania and resides at R. D. 2, Box 1164, Ellwood City, Beaver County, Pa.

2. Appellant is duly licensed to operate motor vehicles in the Commonwealth of Pennsylvania.

3. Appellant's operator's record with respect to the point system called for in 75 PS §619.1 reflects the following:

| | | | |
|---|---|---|---|
| (A) | Violation | 4-4-70 | 6 points |
| (B) | Passed School | | —less 1 point, 5 remaining |
| (C) | Violation | 6-16-70 | —plus 5 points, total 10 points |
| (D) | Failed exam | 12-19-70 | —plus 5 points, total 15 points |
| (E) | Suspension of for 60 days, restored 4-2-71 | 1-25-71 | —reduced to 5 points |
| (F) | Violation | 10-27-70 | —plus 6 points, total 11 points |
| (G) | Suspension order of (herein contested) | 2-15-72 | based on violation of 10-27-70 |

4. A hearing concerning the October 27, 1970, conviction and an interview concerning appellant's entire driving record scheduled by the Department of Transportation for October 21, 1971, was, without explanation, cancelled by the department, never rescheduled and never held.

5. The secretary imposed the suspension founded upon the alleged conviction of 10-27-70 on the basis of a Pennsylvania State Police traffic arrest report and not upon a record of conviction from a magistrate or court.

6. Appellant has not admitted that he paid the fine and costs on October 27, 1970, as alleged, and no other testimony was offered concerning same.

## DISCUSSION

There are two questions to resolve in this case, one as to each of the consecutive suspensions.

The important narrow question involved is: "May the Secretary impose a second subsection (k) suspension on the basis of a conviction which occurred prior to the restoration of privileges following the first subsection (k) suspension?"

This very question was presented in the case of Commonwealth v. Wallace, 19 Chester Co. Rep. 136, and decided against the appellant operator.

We respectfully disagree. It is not a matter of making "gifts" of points to operators. It is clear that an operator may attain 11 points for the first time, and, at the same time reach 12, 13, 14 or 15 points as in the instant case, or 16 points as in the Wallace case, supra. It is perfectly clear, as the opinion in the Wallace case shows, that whether the point total is 11, 12, 13, 14, 15 or 16, the serving of a subsection (k) suspension causes the point total to be reduced to five by virtue of the provisions of subsection (m). Also, the legislature has provided that when two offenses are involved in the same incident, that points may be assessed against the operator only for the offense highest in points, subsection (c).

A "gift" of points must apply in the instant case, also. The words of subsection (b) are explicit and, therefore, we are without authority to implement the legislative-intention determining rules of the Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §501, et seq.

Subsection (b) of section 619.1 of The Vehicle Code provides:

"The secretary shall maintain a record of convictions . . . and shall assign to the record of such person *as of the date of conviction* . . . a number of points . . ." (Italics supplied.)

Subsection (m) provides:

"Upon the restoration of driving privileges . . . such person's record shall show five (5) points and *from the date of restoration* . . ." (Italics supplied.)

Applying such explicit provisions, we find that the points assigned for a conviction in October 1970, are wiped out by a subsection (k) suspension imposed in January 1971 and resulting in restoration in April 1971 and cannot be the basis for a second subsection (k) suspension. It is to be noted, however, that the operator does not go unpunished. In addition to paying the fine and costs, if the violation warrants it, the operator may be suspended for *that* violation, also.

The second question presented involves the validity of the 15-day suspension.

It is clear that a record of conviction requires a record from the magistrate, justice of the peace or court and a police arrest report may not be a basis for the secretary's action, absent other competent evidence of the conviction. See Commonwealth v. Virnelson, 212 Pa. Superior Ct. 359; Guerreri License, 46 D. & C. 2d 168; Barenborg License, 46 D. & C. 2d 171; and Commonwealth v. Wolfe, 59 Luz. Leg. Reg. 127.

Consequently, the 90-day suspension was invalidly imposed for two reasons.

## CONCLUSIONS OF LAW

1. Appellant's point total on January 11, 1972, was five points and not 11 points.

2. Appellant may be subject to suspension for 15 days for the violation of October 27, 1970, but appel-

lant must be afforded a hearing prior to the imposition of such suspension. And, before the secretary may act, he must have a record of conviction to act upon and not merely a police arrest record.

3. Appellant was not subject to a second suspension under subsection (k) and the consecutive suspension of 90 days was invalidly imposed.

### ORDER

And now, to wit, May 15, 1972, after hearing, the appeal is sustained and the action of the Secretary of Transportation suspending the operating privileges of appellant is overruled.