**Commonwealth v. Lowe**

*Charles G. Hasson,* for appellant.

*Edward G. Kuyat,* for Secretary of Revenue.

McWILLIAMS, J., May 31, 1972.—In the instant case, a conviction was made of defendant while he had a junior operator's license, September 3, 1966, in violation of section 1001(1), reckless driving. Suspension for five months was imposed August 25, 1969, by the Secretary of Revenue, about three years later.

This infraction and conviction was for a violation covered under section 619.1 for which five points are assigned. No testimony was introduced by the Commonwealth as to any computation of points. The issue in this case was discussed in Miskey v. Commonwealth, 17 Ches. R. 40 (1968), and Rogers License, 43 D. & C. 2d 500 (1967).

As stated in the Miskey case, supra, "This Court has already held in an earlier case that the point system provided for under section 619.1 of The Vehicle Code of 1959, P. L. 58, 75 PS §619.1, authorizing the Secretary of Revenue to impose points against persons convicted of violations of The Vehicle Code applies to all licenses, including the holders of junior licenses issued under section 604.1 of the code, supra, 75 PS §604.1, and that on appeal from an order suspending a junior operator's license the license will be restored subject to the application of the applicable number of points on his driving record where the offense, if treated under the point system, would have required the imposition of points only, without suspension: Rogers License, 43 D. & C. 2d 500. The same principle applies where the suspen-

sion occurs after the junior operator's license has been validated by the secretary as a regular operator's license because the provisions of section 619.1, supra, provide specifically that for violation of section 1006 of the code, supra, three points shall be assigned to a convicted operator without suspension. Section 618(b)(2) of the code, 75 PS §618(b)(2), as amended, deprives the secretary of the power, after hearing, to suspend the licenses of persons guilty of violations which are enumerated in section 619.1 of the code; Commonwealth v. Virnelson, 212 Pa. Superior Ct. 359. Consequently, the secretary had no power or authority to impose the suspension here appealed from."

## ORDER

Wherefore, May 31, 1972, the appeal of Joseph William Lowe, a minor, from suspension of his operator's license is hereby sustained, and said license ordered restored forthwith, subject nevertheless to the application of five points upon his driving record with all the consequences therefrom.