## Buerk License

*Edwin W. Tompkins, 2d,* for appellant.

*J. Richard Mattern, 2d,* for Department of Transportation.

GREINER, P. J., March 19, 1974—This is an appeal from a six-month suspension of operating privileges by the Secretary, Department of Transportation. The suspension was based upon appellant's conviction for violating section 1038 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, which reads:

"It shall be unlawful for any person to drive without lights or to turn off any or all of the lights on a motor vehicle or tractor for the purpose of avoiding identification or arrest."

This is not a "point system" case but the suspension was issued pursuant to the authority of section 618(b)(2) which grants the secretary certain discretionary powers.

In lieu of hearing, appellant paid a fine imposed by the justice of the peace in the sum of $50, plus costs of $5. In this respect, we have given consideration to Virnelson Motor Vehicle Operator License case, 212 Pa. Superior Ct. 359 (1968), which is a "point system" case under section 619.1 and is clearly not apposite.

We are of the opinion that Commonwealth v. Fisher, 6 Comm. Ct. 159 (1972), is controlling. Thus, a full hearing de novo was held before the court to determine the validity of the suspension having a justifiable factual basis for its decision. The evidence so adduced proved conclusively that while appellant did, on the date and time in question, momentarily turn off his lights while operating his vehicle in the Borough of Emporium, it was for the purpose of trying to apprehend a third party who had taken his vehicle without

permission and that as soon as he recognized that a police vehicle was directing him to stop, he did so. We thus find it a fact that although appellant did turn off the lights of his vehicle, he did not do so for the purpose of avoiding identification or arrest.

We, therefore, enter the following

### ORDER

Now, March 19, 1974, the within appeal is sustained and the Department of Transportation is directed to immediately restore appellant's motor vehicle operating privileges. Costs on the County of Cameron.