## Commonwealth v. Dzoch

*Stephen A. Teller*, for appellant.
*Peter J. Comerota, Special Assistant Attorney General*, for Commonwealth.

OLSZEWSKI, J., July 19, 1974—This case comes before the court on appeal of Theodore

Dzoch (appellant), who is charged with a violation of section 1002(c) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1002(c). As a result of conviction on said violation, his operator's license was suspended for 15 days; and the appellant was assigned an additional six points to his record. With this assignment, the total point accumulation of the appellant is 11 points. Since the appellant's record indicated an accumulation of at least 11 points, the Secretary of the Department of Transportation suspended said appellant's operating privileges for a period of 60 days, as mandated by section 619.1(i) and (k), 75 PS §619.1(i) and (k). The suspensions were directed to run consecutively. Hearing on the petition for appeal was heard on July 16, 1974.

Our Superior Court in the case of Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968), stated that a driver whose operator's license is suspended under section 619.1 of The Vehicle Code has a right to appeal to the Court of Common Pleas but *that the appeal is limited to determining whether the driver was convicted and whether the Secretary properly computed points and applied the mandatory provisions of section 619.1* (emphasis supplied).

Under section 619.1, the secretary is directed to maintain a record of convictions and enter on these records all convictions of persons of any violation of the motor vehicle laws and to assign a number of points for each such conviction. This is all clear by looking at section 619.1 of The Vehicle Code and as thoroughly reviewed by our Superior Court in the Virnelson case, supra, at pages 361, 362, 363. In the Virnelson case, the Superior Court stated at page 365:

"Thus in violations coming under 619.1 it is no longer required that the secretary find upon sufficient evidence that such person has committed any violation of the laws of this Commonwealth, but simply that he find what is required by section 619.1. Under section 619.1 he is directed to maintain a record of convictions and enter on those records all convictions of such persons of any violation of the motor vehicle laws and assign a number of points for each such conviction and to give suspensions in accordance with the table set out in section 619.1(b) as well as under subsection (i) when a driver has accumulated eleven points."

and at page 366:

"The secretary can no longer decide to suspend or not suspend for violations under section 619.1 upon his own independent finding that the violation has been committed. When the secretary receives a report of a conviction from any magistrate or from any court of record of the Commonwealth, as required under section 1209 of The Vehicle Code, 75 PS §1209, he must enger the same on the record of the driver, assign the designated points and, in the three situations listed under section 619.1(b), suspend the license of the operator. If the accumulated points of the operator are eleven or more he must then suspend that person's operator's license as required by subsection (i) and (k) of section 619.1."

and again at page 368:

"At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary's record compiled therefrom which justified the suspension."

At the hearing, the Commonwealth offered into evidence the following exhibits, all of which were admitted over the objection of appellant's counsel:

(1) Hearing and interview notice;

(2) Withdrawal of motor vehicle privileges;

(3) *a.* Certification statement; *b.* citation and certification of disposition of Wesley Sliter for citation dated October 8, 1971; *c.* citation and certification of disposition of Robert Marshall for citation dated January 25, 1972, and *d.* citation and certification of disposition of Glenn Borger for citation dated November 21, 1972.

Appellant testified that since his arrest on November 21, 1972, to the present time, his motor vehicle privileges were withdrawn for 40 days despite the fact that he had taken an appeal. He testified that on May 31, 1974, when his current license expired, the bureau refused to renew same and that, as a result of that action, he did not have a license from May 31, 1974 to July 3, 1974, a period of 33 days. Appellant further testified that after notice, he requested a departmental hearing but that he did not hear promptly from the department and, therefore, returned his operator's license on December 28, 1973. He stated that the same was withheld by the bureau for seven days until January 6, 1974. This makes up the 40 actual days' suspension, despite the appeals in this case.

Under the circumstances herein, the interests of justice require that the appellant be granted 40 days' credit since, in effect, his motor vehicle privileges were actually withdrawn for a total of 40 days.

An examination of the citation issued on November 21, 1972, reveals that the certification of

disposition, although signed by the district magistrate, does not contain the magisterial seal. Under Virnelson, supra, and a long line of other cases, the Commonwealth failed to provide the necessary documentation required. See also Epps v. Commonwealth of Pennsylvania, Bureau of Traffic Safety, 11 Comm. Ct. 544 (1974). Without the last six points, appellant's point total is less than justified suspension of his operator's license under section 619.1(i).

Accordingly, we enter the following

### ORDER

It is ordered, adjudged, and decreed that the appeal is hereby sustained.