**Commonwealth v. Baker**

*James R. DiFrancesco*, for Commonwealth.
*Nathan C. Rascona*, of *Kimmel & Rascona*, for defendant.

COFFROTH, *P. J.*, April 1, 1975—This is·a license suspension appeal for accumulation of points. The primary issue is whether defendant has carried his burden of proof to show material error in the records of conviction.

At the hearing, the Commonwealth showed a prima facie case supporting the suspension by producing a certification of three convictions producing a total of 14 points, reduced to 11 by appropriate credits. Accordingly, the burden of producing evidence passed to appellant to show "that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances because the issue is whether he was convicted and not whether he should have been convicted.": Virnelson License, 212 Pa. Superior Ct. 359, 368 (1968).

Appellant has not attempted to breach the prohibition upon showing the facts of his violation or mitigating circumstances, but in order to carry his burden, he has attempted to show that he was not lawfully convicted and that the certification of the most recent conviction is erroneous, by producing the following evidence:

After being stopped and cited by the officer for the speeding violation of January 26, 1974, appellant on February 1, 1974, mailed his check to the justice of the peace for $15, the specified amount of the fine and costs; appellant says he did not intend to plead guilty but to plead not guilty and to send the money as security pending a hearing; the cancelled check in evidence contains the legend: "Bond-Hearing", and appellant says he returned with the check the lower part of his copy of the citation containing his plea and that he "thinks" he pleaded not guilty; appellant requested from the justice of the peace

the plea form which he signed but he was furnished only a portion of the citation without the plea form; after forwarding his check, appellant heard nothing further until he received the suspension notice of April 11, 1974.

Appellant's contention is that the certified record which shows conviction on February 4, 1974, by plea of guilty and payment of fine and costs is not a true certification because he neither pleaded guilty nor paid fine and costs, but, instead, furnished bond for a hearing which he was entitled to but never received; that, therefore, the records are incorrect and that he could not have been lawfully convicted. He further contends that if he was "convicted" within the meaning of Virnelson, supra, this collateral attack upon it is permissible because he learned of the conviction too late to file a direct appeal, citing Commonwealth v. Beckner, 28 Somerset L J. 174 (1973).

The key to decision in this case lies in the plain instruction to appellant on the citation notice on the bottom half of his copy stating, in relevant part, as follows:

"2. Within ten days of issuance of this citation you may

"A. . . .

"B. Notify the named issuing authority in writing that you plead not guilty and forward an amount equal to the fine and costs specified plus $5 or if not specified, the sum of $50 as security for your appearance at trial.

"C. Plead guilty by forwarding to the issuing authority named, an amount equal to the fine and costs set forth in this citation.

"D. . . ."

Similar instructions are repeated on defendant's portion of the citation for entering his plea, entitled

"Instructions For Response By Mail." See Criminal Rule 53.

In this case, appellant sent his check for $15, the amount of the fine and costs specified in the citation, as prescribed in subparagraph C, above quoted, for pleading *guilty*. In order to plead *not guilty* and to be entitled to a hearing, and to notice thereof under Criminal Rule 55, subparagraph B must be complied with by sending $20, that is, "the fine and costs specified plus $5" as security for appearance. Compliance with subparagraph B is mandatory; it is not merely a matter of appellant's intention; if he does not post the required security, he is not entitled to hearing. Sending only $15, the specified fine and costs, is legally a plea of guilty as subparagraph C clearly states. Compare Commonwealth v. Budzina, 26 Somerset L. J. 378 (1971), and Meta v. Yellow Cab, 222 Pa. Superior Ct. 469 (1972).

In Commonwealth v. Beckner, supra, we sustained the appeal under circumstances similar to those here present, except that in Beckner it was conceded that appellant filed a written not guilty plea, and the justice of the peace, after receiving the $15 gratuitously notified defendant to send the additional $5 which was sent, thus entitling him to hearing and notice.

The rules governing us are prescribed by the Supreme Court of Pennsylvania, and they are binding upon the parties and upon this court. Appellant not having complied with the means offered him by the rules to plead not guilty, and to have a hearing and notice thereof upon the violation charged, he has not carried his burden of rebutting the Commonwealth's prima facie record supporting the suspension.

## ORDER

Now, April 1, 1975, the appeal is dismissed and the suspension order of the Secretary of Transportation is affirmed at appellant's cost.